### 69325. ALMOND v. THE STATE.
(326 SE2d 798)

CARLEY, Judge.

Appellant and his co-defendant were tried before a jury for five counts of entering an automobile. In addition, appellant was also tried for one count of violating the Georgia Controlled Substances Act. Appellant was convicted of all counts and his motion for new trial was denied. He appeals.

1. The evidence adduced at trial showed the following: A young woman named Karen Wilson was the first to discover that any crime had been committed. She had been visiting a friend who lived in an apartment complex. Upon returning to her car in the early hours of the morning, she discovered that someone had broken into it and had taken property from it. Ms. Wilson immediately reported this discovery to her friend, and the two returned to the parking lot. At that point, they saw that there was someone crouching between two parked cars. Ms. Wilson's friend gave chase to this individual. Ms. Wilson then noticed that two people were sitting in one of the two

cars from between which the suspicious individual had fled. When the friend returned from his unsuccessful pursuit, he and Ms. Wilson confronted and detained the two occupants of the car. One of these two occupants was appellant. A subsequent consent search of the automobile resulted in the discovery of property which had been taken from Ms. Wilson's car. In addition, the search yielded property that was later found to have been taken from several other nearby vehicles that had also been unlawfully entered. Appellant was arrested and, during a search of his person, drugs were found. Appellant's co-defendant was also arrested at the scene after he was identified as the suspicious croucher who had eluded the earlier pursuit. The other occupant of the car in which the stolen property was discovered testified for the State at the trial.

The rule of sequestration was invoked at the outset of the trial. However, the trial court did not specifically instruct the sequestered witnesses that they were not to discuss the case among themselves. Ms. Wilson was among the first witnesses called by the State. During Ms. Wilson's cross-examination, she was asked to describe the suspicious crouching individual. In doing so, she volunteered that she had not noticed the shoes he was wearing. Ms. Wilson's friend was called as the next State's witness. On cross-examination, he was asked if he had noticed the shoes worn by the individual whom he had chased. He testified that he had not. At the conclusion of the cross-examination of Ms. Wilson's friend, a short recess was called by the trial court.

When the trial resumed, appellant's counsel moved for a mistrial, stating that he had overheard witnesses discussing the case during the recess. Appellant's counsel requested an opportunity to question both Ms. Wilson and her friend in connection with the motion and specifically stated that he wished to have the jury present for that questioning. The trial court granted this request and Ms. Wilson returned to the courtroom for questioning before the jury. Ms. Wilson stated that, during the recess, she had mentioned to her friend the topic of the shoes that had been worn by the crouching individual. According to Ms. Wilson, she had merely made the observation to her friend that she had not seen the shoes, that she had so testified, and "that was about as far as it went, because nobody else cared." When Ms. Wilson's friend was then questioned, he confirmed that his only discussion of the case had concerned the shoes. There had been no "group discussion" and his contribution to the conversation with Ms. Wilson had merely been to say that he too "never did see any shoes." The trial court denied the motion for mistrial, which ruling appellant enumerates as error.

"The purpose of the rule of sequestration [OCGA § 24-9-61], is to prevent a witness who has not testified, or who has not completed his

or her testimony, from overhearing and having his or her testimony *affected* by the testimony of another witness . . . . [T]he rule extends to communications, direct and indirect, between witnesses outside the courtroom . . . ." (Emphasis supplied.) *Lackey v. State*, 246 Ga. 331, 334-335 (271 SE2d 478) (1980). It is clear that, under the circumstances, the mutual observation of the two witnesses in the instant case that they could *not* identify the suspicious croucher by his shoes constituted "only innocuous remarks," which could not have been prejudical even to appellant's co-defendant, about whom the observation ostensibly related. See *Boyd v. State*, 168 Ga. App. 246, 250 (5) (308 SE2d 626) (1983). Moreover, the discussion clearly could have had no effect whatsoever on the testimony of two witnesses. They had already testified when their conversation took place.

Although other as yet uncalled witnesses may have overheard the conversation, Ms. Wilson's statement that "nobody else cared" about the shoes worn by appellant's co-defendant was confirmed by what transpired after the denial of appellant's motion for a mistrial. Unlike Ms. Wilson and her friend, no witness whose testimony followed theirs had been an active participant in the events in the parking lot which led to the arrest of appellant and his co-defendant. Most of the witnesses who followed Ms. Wilson and her friend were the owners of the other vehicles that had been broken into overnight. Their testimony was limited in scope, establishing only that their respective automobiles had been unlawfully entered by someone and that certain property which had been found in the car with appellant had been taken from their own automobiles. None had observed the perpetrators, and each was aware only of the fact that he had been a victim.

Thus, the only evidence in the case concerning the identity of the perpetrators was the testimony of Ms. Wilson and her friend. Their innocuous conversation as to that topic therefore clearly did not prejudicially affect the subsequent testimony of any witness who might have overheard it. See *Strozier v. State*, 145 Ga. App. 566, 567 (2) (244 SE2d 89) (1978); *Pless v. State*, 142 Ga. App. 594, 599 (236 SE2d 842) (1977). Under these circumstances, "[w]e find no abuse of the trial court's discretion in determining that what occurred . . . was no more than a 'mere irregularity,' and there was no contamination of testimony or prejudice to the defendant which denied his [right to] due process and violated the purpose of the sequestration rule. [Cits.]" *Kelley v. State*, 168 Ga. App. 911, 914 (5) (311 SE2d 180) (1983). The denial of appellant's motion for mistrial was not error.

2. Appellant asserts that it was error to permit the jury to be present during the questioning of Ms. Wilson and her friend with regard to the motion for mistrial. As noted above, this procedure was specifically requested by appellant's counsel. "Under these circumstances it appears that the defendant's right to have the decision

made in private had been waived . . . . One cannot complain of an error which his own conduct aided in causing. [Cits.]" *Westbrook v. State*, 162 Ga. App. 130, 131 (2) (290 SE2d 333) (1982).

3. Appellant further contends that, after denying the motion for a mistrial, the trial court erred in failing to instruct the jury that the violation of the rule of sequestration should be considered in determining the weight and credit to be given to the testimony of the witnesses. Appellant made no request for such instructions. See *Wright v. State*, 246 Ga. 53 (1) (268 SE2d 645) (1980). There was no error.

4. The remaining enumerations relate to the trial court's jury instructions. The record demonstrates that, at the conclusion of the charge, the trial court stated that it would "give counsel for the State and counsel for each defendant an opportunity to make any objections to any of the charge." Appellant's counsel responded: "No exceptions, your Honor." This constitutes a waiver of appellant's right to enumerate any error with regard to the trial court's charge. *White v. State*, 243 Ga. 250 (253 SE2d 694) (1979).

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED FEBRUARY 1, 1985.

*Jimmy D. Berry*, for appellant.
*Thomas J. Charron, District Attorney, Debra H. Bernes, Assistant District Attorney*, for appellee.