### 73965. CARRUTH v. THE STATE.
(357 SE2d 122)

McMURRAY, Presiding Judge.

Gary William Carruth (defendant), Elizabeth Marie Marshall and George Wayne Thompson III were indicted for armed robbery. Defendant was tried separately before a jury and the following evidence, construed most favorably to support the verdict, was adduced: Shortly after 3:00 p.m. on October 13, 1985, George Wayne Thompson III and defendant robbed the victim, the manager of a Stop-and-Go convenience store in north Atlanta, Georgia, as she was in the process of making a bank deposit. Thompson took the money from the victim and defendant picked up Thompson in an escape vehicle after the robbery. The robbers fled after the victim chased Thompson to the get-away vehicle.

The State introduced evidence showing that defendant and Thompson had committed theft of property of another Stop-and-Go convenience store on a previous occasion on October 1, 1985, by taking that store's bank deposit. Similarly, in this transaction, Thompson took the money and defendant drove the escape vehicle. After each offense, Thompson and defendant purchased marijuana and cocaine and consumed the drugs. From this and other evidence adduced at trial, defendant was found guilty. The trial court denied defendant's motion for new trial and this appeal followed. *Held:*

1. In his first enumeration of error defendant contends the trial court erred in allowing evidence of the October 1, 1985, theft. "In order to introduce evidence of an independent offense as a relevant similar transaction the state must prove two factors. It must be shown that the defendant was in fact the perpetrator of the separate offense and that there is a sufficient similarity of offenses so that proof of the former tends to prove the latter. *French v. State,* 237 Ga. 620 (229 SE2d 410) (1976)." *Moore v. State,* 254 Ga. 674, 676 (333 SE2d 605).

In the case sub judice, defendant contends that the evidence presented at trial was not sufficient to link him to the October 1, 1985 theft. At trial, George Wayne Thompson III testified that he and defendant committed the October 1, 1985 theft. Defendant challenges this evidence arguing that Thompson recanted this testimony after trial. "[A] post-trial declaration by a state witness that his former tes-

timony was false is not a cause for a new trial. [Cits.]" *Porter v. State*, 167 Ga. App. 697, 699 (2) (307 SE2d 515). This enumeration of error is without merit. There was sufficient evidence showing that defendant participated in the October 1, 1985 theft.

2. Defendant contends next that the trial court erred by admitting into evidence testimony concerning defendant's use of drugs after the robbery. We do not agree.

" ' "Any evidence is relevant which logically tends to prove or to disprove a material fact which is at issue in the case, and every act or circumstance serving to elucidate or to throw light upon a material issue or issues is relevant." (Cits.)' *Owens v. State*, 248 Ga. 629, 630 (284 SE2d 408) (1981)." *Burney v. State*, 252 Ga. 25, 26 (2) (310 SE2d 899). In the case sub judice, the evidence showed that defendant used part of the money derived from the robbery to purchase drugs, which he later consumed. Further, the evidence showed that defendant expended part of the money derived from the October 1, 1985 theft for the same purpose. Consequently, evidence of defendant's drug use immediately following the crimes was relevant and admissible to show defendant's motive in committing the crime. See *Carter v. State*, 237 Ga. 617 (229 SE2d 411).

Another reason the trial court did not err in admitting this evidence at trial is that defendant first introduced evidence at trial of his drug use after the robbery. " 'One cannot complain of an error which his own conduct aided in causing. (Cits.)' *Westbrook v. State*, 162 Ga. App. 130, 131 (2) (290 SE2d 333) (1982)." *Almond v. State*, 173 Ga. App. 423, 426 (2) (326 SE2d 798).

3. In his third enumeration of error, defendant contends the trial court erred in charging the jury on flight, asserting there was no evidence of flight by defendant. This argument is not supported by the record. The evidence showed the defendant fled in the escape vehicle after picking up his accomplice who was fleeing from the victim. See *Baxter v. State*, 160 Ga. App. 181, 184 (3) (286 SE2d 460).

4. In his fourth enumeration of error, adopting his argument of enumeration of error 1, defendant challenges the trial court's charge on evidence of similar transaction. For the reasons stated in Division 1 of this opinion, this enumeration of error is without merit.

*Judgment affirmed. Sognier and Beasley, JJ., concur.*

DECIDED APRIL 16 —
REHEARING DENIED MAY 4, 1987 — ▮▮▮▮▮▮

*John W. Greer III*, for appellant.
*Lewis R. Slaton, District Attorney, Doris L. Downs, Joseph J.*

*Drolet, Richard E. Hicks, Assistant District Attorneys*, for appellee.