## 76866. WILSON v. THE STATE.
(374 SE2d 325)

BANKE, Presiding Judge.

The appellant was charged with two counts of child molestation and, alternatively, two counts of simply battery. He was acquitted of one of the child molestation counts and convicted on the remaining three counts of the indictment. However, one of the simple battery convictions was subsequently merged with the child molestation conviction during sentencing. He brings this appeal from the denial of his motion for new trial.

The evidence established that on August 15, 1986, the appellant escorted four children, including the then eight-year-old daughter of a close family friend, to a movie. During the movie, the eight-year-old became cold and asked to sit on the appellant's lap. While she was sitting there, he allegedly placed his hand inside her panties, touched her vagina, and induced her to touch his penis. The child disclosed the incident to her mother the next evening, and shortly thereafter the matter was reported to the Department of Family and Children Services. Subsequently, the appellant's niece, who was nine years old at the time of trial, disclosed that during Christmas of 1985 the appellant had invited her to sit on his lap and had then reached beneath her clothing and touched her breasts and vagina. The jury found the appellant guilty of both child molestation and simple battery with regard to the friend's daughter but only of simple battery with regard

to the incident involving his niece. *Held*:

1. The appellant enumerates as error the refusal of the trial court to grant his motion to sever the charges involving the first alleged victim from those involving the other.

"In *Dingler v. State*, 233 Ga. 462 (211 SE2d 752) (1975), [the Supreme C]ourt adopted ABA Standards of severance which provide that a defendant is entitled to severance if offenses are joined simply because they are similar in nature." *Cooper v. State*, 253 Ga. 736 (3) (325 SE2d 137) (1985). However, "[o]nly when the offenses have been joined *solely* because they are of the same or similar character shall the accused have a right to severance of the offenses. [Cits.]" *Jordan v. State*, 172 Ga. App. 496 (1) (323 SE2d 657) (1984). Offenses are not joined *solely* because they are of the same or similar character where the similarity reaches the level of a pattern evincing a common motive, plan, scheme or bent of mind. *Cooper v. State*, supra at 737. " 'Where the modus operandi of the perpetrator is so strikingly alike, that the totality of the facts unerringly demonstrate and designate the defendant as the common perpetrator, the offenses may be joined — subject to the right of the defendant to a severance in the interests of justice. [Cits.]' " *Jordan v. State*, supra at 497. "[S]everence in this particular kind of circumstance lies within the sound discretion of the trial judge. . . ." *Dingler*, supra, 233 Ga. at 463.

In the present case, the trial judge correctly concluded that the two offenses were so similar that, even if severed, evidence of each would be admissible at the trial of the other; and he consequently denied the severance "[t]o avoid unnecessary trauma to victim/witnesses of tender years whose testimony was admissible in either case. . . ." We find no abuse of discretion under these circumstances. Compare *Banks v. State*, 185 Ga. App. 851 (1) (366 SE2d 228) (1988) (holding that evidence of prior criminal misconduct which would otherwise be admissible is rendered inadmissible where the defendant has been tried and acquitted of the alleged prior offense).

2. On direct examination by the state, an expert qualified in the fields of child psychology and child sexual abuse testified that, after undergoing certain testing and evaluation procedures, one of the alleged victims had been diagnosed as "sexually abused." Counsel for the appellant immediately asked to make a motion outside the presence of the jury, whereupon, in anticipation of a motion for mistrial, the state conceded that the testimony was improper and requested the trial court to instruct the jury to disregard it. The trial court then gave the following curative instruction: "I'm going to give you some instructions at this time that I require you to follow. The witness had testified to the ultimate fact question; that is, the question that you and you alone must determine. You will ignore and remove from your mind and will not consider in your deliberations any part of the last

question and answer that was asked of this witness. If you cannot do that, I want you to let me know right now. Is there anyone who cannot follow those instructions?" The record reflects that each of the jurors thereupon indicated his or her ability to comply with the court's request. The appellant enumerates as error the denial of his subsequent motion for mistrial.

There is conflicting authority as to whether such expert testimony is admissible. Such cases as *State v. Butler*, 256 Ga. 448 (2) (349 SE2d 684) (1986); *Grayer v. State*, 181 Ga. App. 845 (2) (354 SE2d 191) (1987); and *Pegg v. State*, 183 Ga. App. 668 (3) (359 SE2d 678) (1987), hold that it is, while in *Allison v. State*, 256 Ga. 851 (6) (353 SE2d 805) (1987), the Supreme Court appeared to express the opinion that it is not. In either event, however, we conclude that the trial court did not abuse its discretion in denying the motion for mistrial in the present case.

In *Sabel v. State*, 250 Ga. 640 (5), 644 (300 SE2d 663) (1983), overruled on other grounds in *Massey v. Meadows*, 253 Ga. 389 (321 SE2d 703) (1984), the Supreme Court enumerated certain circumstances to be considered in determining whether the possible prejudice resulting from improper testimony can be cured so as to avoid the necessity of granting a mistrial. These include "the nature of the statement, the other evidence in the case, and the action taken by the court and counsel concerning the impropriety." *Sabel v. State*, supra at 644. In the present case, expert testimony was already properly before the jury to the effect that the victim in question exhibited behavorial characteristics typically exhibited by sexually abused children. In the context of this evidence and of the strong curative instructions given to the jury by the court, we hold that the trial court did not abuse its discretion in denying the motion for mistrial.

3. In reliance on *Baker v. State*, 183 Ga. App. 100 (357 SE2d 896) (1987), the appellant contends that the trial court erroneously required him to pay restitution to the victims in the amount of $6,660 without first considering the factors enumerated in OCGA § 17-14-10. Based on our examination of the transcript, we find this contention to be without merit. *Baker*, supra, is inapposite in that no hearing whatever was held in that case, with the result that the statutory conditions could not have been considered.

*Judgment affirmed. Birdsong, C. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 6, 1988 —
REHEARING DENIED OCTOBER 14, 1988

*Garland B. Cook, Jr.*, for appellant.
*Robert E. Wilson, District Attorney, Nelly F. Withers, Thomas*

*Morgan III, Barbara B. Conroy, Assistant District Attorneys*, for appellee.