## A91A1375. STITH v. THE STATE.
(411 SE2d 532)

BEASLEY, Judge.

Following denial of his motion for new trial, Stith appeals his convictions for kidnapping, OCGA § 16-5-40 (a), armed robbery, OCGA § 16-8-41 (a), aggravated assault, OCGA § 16-5-21 (a), hindering the apprehension of a criminal, OCGA § 16-10-50, and possession of firearm during commission of a crime, OCGA § 16-11-106.

1. The first question is whether the trial court erred in denying the motion for mistrial and allowing the State to re-open its case so the victim could make an in-court identification based on the sound of appellant's voice as listened to by the victim while appellant was testifying. The complaint is that the procedure violated the rule of sequestration, was an improper re-opening of the case rather than re-

buttal, and was unduly suggestive.

First, "OCGA § 24-9-61 provides: 'In all cases either party shall have the right to have the witnesses of the other party examined out of the hearing of each other. The court shall take proper care to effect this object as far as practicable and convenient; but no mere irregularity shall exclude a witness.' The rule as expressed in the statute plainly allows latitude in its application. Furthermore, the trial court is vested with the discretion to make exceptions to this rule; and unless the discretion is abused, the decision will not be reversed on appeal. [Cit.]" *Chastain v. State*, 255 Ga. 723, 724 (2) (342 SE2d 678) (1986).

Discretion was not abused because the purpose of the rule was not compromised. " 'The purpose of the rule of sequestration (OCGA § 24-9-61), is to prevent a witness who has not testified, or who has not completed his or her testimony, from overhearing and having his or her testimony *affected* by the testimony of another witness. . . .' [Cit.]" *Almond v. State*, 173 Ga. App. 423, 424 (1) (326 SE2d 798) (1985). Here, the victim was not recalled following appellant's testimony in order to further or alter the substance of his own recounting of the incident in light of the substance of appellant's testimony. He was recalled merely to testify about the similarity of the sound of the witness' voice to the sound of the gunman's voice during commission of the crimes. Identification was the issue, not the content of appellant's overheard testimony.

Second, assuming the additional testimony by the victim was a re-opening of the State's case rather than a rebuttal, "[t]he trial court is vested with broad discretion in allowing a party to reopen its case and present evidence. [Cits.]" *Aikens v. State*, 194 Ga. App. 195, 196 (2) (390 SE2d 102) (1990).

Lastly, the contention that the voice identification was unduly suggestive under a *Neil v. Biggers*, 409 U. S. 188 (93 SC 375, 34 LE2d 401) (1972) analysis is unavailing. There has been no showing of a substantial likelihood of irreparable misidentification. See *Martin v. State*, 193 Ga. App. 581, 582 (1) (388 SE2d 420) (1989). Moreover, such an in-court voice identification in and of itself is no more or less suggestive than the common visual identification of a criminal defendant by a victim as the defendant sits at the defense table.

There was no error in allowing the victim to hear the appellant's testimony, in permitting the State to recall the victim, and in admitting the victim's identification of the appellant by his voice.

2. Appellant contends that no rational trier of fact could have found proof of his guilt beyond a reasonable doubt because there was insufficient evidence identifying him as the perpetrator.

Appellant raises the objected-to in-court voice identification, which has been ruled on in Division 1. Even were such voice identifi-

cation excluded, there was other evidence linking appellant to the crimes.

Appellant's co-defendant, who had already pled guilty to some of the charges, testified against appellant. In addition, during the victim's abduction and armed robbery, the victim was able to observe other distinguishing features of the gunman. The victim, who was held at gunpoint on the floorboard of his car during the 15 or 20-minute ride, saw that the gunman wore distinctive clothes, a red tee shirt with writing and dark blue jeans with holes in the right leg, which were distinguishable in size and location. Appellant was seen and photographed wearing similar clothes. Such clothes were later recovered at a vacant apartment where appellant was living.

The victim was further able to discern the man's race, approximate height, weight, age, and hair length even though during the incident, the man kept a nylon mask over his face. In addition, the victim testified about the calm and mellow nature of the gunman's verbal exchange with him. Appellant himself testified as to his ability to calm a situation with speech.

The victim's stolen car was located the day after the abduction and it led police to appellant and the co-defendant asleep in a nearby vacant house which the two had broken into. During the arrests, nylon stockings were found in appellant's pockets.

The evidence that appellant was the gunman was sufficient. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Carley, P. J., and Pope, J., concur.*

DECIDED OCTOBER 2, 1991 —
RECONSIDERATION DENIED OCTOBER 24, 1991.

John H. Tarpley, for appellant.
Paul N. Stith, *pro se.*
*Robert E. Wilson*, District Attorney, *Barbara B. Conroy, J. Michael McDaniel, Nelly F. Withers*, Assistant District Attorneys, for appellee.

