A92A1655. JEFFERSON v. THE STATE.
(425 SE2d 915)

ANDREWS, Judge.

Jefferson appeals from a jury verdict finding him guilty of two counts of rape, two counts of burglary, and one count of aggravated assault. The charges stemmed from two separate incidents. In the first incident, occurring on December 29, 1989, Jefferson was charged with unlawfully entering the first victim's residence and assaulting and raping her. In the second incident, occurring on August 2, 1990, Jefferson was charged with unlawfully entering another residence and raping the occupant.

In the 1989 incident, the State introduced eyewitness testimony from the victim and a witness identifying Jefferson as the assailant, who entered the residence, and raped and assaulted the victim with a crowbar-like weapon. In the 1990 incident, the State relied primarily on the victim's voice identification of Jefferson as the assailant, who entered her residence and raped her. Other evidence in the 1990 incident showed that hair found at the crime scene was consistent with pubic hair collected from Jefferson; that a shoe print found outside the victim's residence was consistent with shoes Jefferson was wearing when arrested the day of the rape, and that Jefferson was in the vicinity of the victim's residence near the time of the rape in a field where his truck was stuck in a ditch. As similar transaction evidence, the State also introduced testimony that Jefferson raped a woman in an adjoining county on December 21, 1989.

1. Jefferson contends the trial court erred by refusing to grant him a new trial based on newly discovered evidence that he was not on leave from military service on December 20, 1988. Prior to trial, the State sought approval to show as similar transaction evidence

that, while Jefferson was on leave from military service in December 1988, he committed a similar rape. However, the State did not introduce any evidence at trial relating to the December 1988 rape. "To obtain a new trial because of newly discovered evidence, a movant must satisfy the court (1) that the evidence has come to his knowledge since the trial; (2) that it was not owing to the want of due diligence that he did not acquire it sooner; (3) that it is so material that it would probably produce a different verdict; (4) that it is not cumulative only; (5) that the affidavit of the witness is attached to the motion or its absence accounted for; and (6) that the new evidence does not operate solely to impeach the credibility of a witness. All six requirements must be satisfied before a new trial will be granted. *Humphrey v. State*, 252 Ga. 525, 528 (314 SE2d 436) (1984); *Young v. State*, 194 Ga. App. 335 (1) (390 SE2d 305) (1990)." (Punctuation omitted.) *Eliopulos v. State*, 203 Ga. App. 262, 263 (416 SE2d 745) (1992); OCGA § 5-5-23. The affidavits relied upon by appellant do not establish that the alleged new evidence was obtained. Even if such evidence was obtained, we fail to see its relevance given that the December 1988 incident was not in evidence. The trial court did not abuse its discretion by denying the motion for a new trial. See *Wilson v. State*, 193 Ga. App. 374, 375 (387 SE2d 642) (1989).

2. Jefferson next contends the trial court erred by denying his motion in limine to exclude evidence that the 1990 victim identified him by his voice on the day of the rape while he was being questioned by police. He argues that the voice identification was unduly suggestive and produced a substantial likelihood of misidentification.

Although the victim was approached from behind, was blindfolded during the attack, and had no opportunity to observe her assailant, evidence showed the assailant spoke to her numerous times, and she had ample opportunity to hear his voice. She testified the assailant spoke calmly in completely formed sentences with a gruffy-sounding distinctive voice, which sounded to her to be that of a black man. Jefferson, a black male, was detained for questioning on the day of the rape after an investigation revealed that he was seen near the victim's residence shortly after the time of the rape, attempting to remove his truck from a ditch. While Jefferson was being questioned in a room at the police station, police seated the victim outside the room in a position where she could hear Jefferson's voice, but could not see him. The victim testified that she positively identified Jefferson's voice at the police station as that of her assailant. The officer who staged the voice identification testified that as the victim heard Jefferson's voice she suddenly moved her hand to her mouth, and began crying.

We first conclude that a proper foundation was laid to show the basis of the victim's opinion that she recognized her assailant by

voice. See *Stevanus v. State*, 185 Ga. App. 7, 9-10 (363 SE2d 322) (1987); *Shepherd v. State*, 173 Ga. App. 499, 500-501 (326 SE2d 596) (1985); *Jenkins v. State*, 167 Ga. App. 840, 841-842 (308 SE2d 14) (1983). Next, we conclude that the voice identification was admissible under the test of *Neil v. Biggers*, 409 U. S. 188 (93 SC 375, 34 LE2d 401) (1972). See *Stith v. State*, 201 Ga. App. 621, 622 (411 SE2d 532) (1991). The voice identification procedure employed by the police was the equivalent of using a one-person show-up for an eyewitness identification. "The test for determining whether a due process violation occurred in cases such as this is whether the identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." (Citation and punctuation omitted.) *Martin v. State*, 193 Ga. App. 581, 582 (388 SE2d 420) (1989). Under *Neil v. Biggers*, supra, a two-step analysis is used: "First, an impermissibly suggestive identification procedure is to be avoided. Only if it was suggestive need the court consider the second question — whether there was a substantial likelihood of irreparable misidentification. Although one-on-one show-ups have been sharply criticized, and are inherently suggestive, the identification need not be excluded as long as under all the circumstances the identification was reliable notwithstanding any suggestive procedure. Our inquiry, therefore, must focus upon whether, under the totality of the circumstances, there was a substantial likelihood of irreparable misidentification. The factors to be considered in evaluating the likelihood of misidentification include the opportunity of the witness to view [or hear] the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation. *Neil*, supra, 409 U. S. at 199-200." (Citations and punctuation omitted.) *Barnett v. State*, 191 Ga. App. 552, 555-556 (382 SE2d 620) (1989).

The blindfolded victim was clearly focused on her assailant's voice, had ample opportunity to hear him speak during the crime, and described his voice in detail. Her identification of his voice was unequivocal and made on the day of the crime. Under all these circumstances, there was no substantial likelihood of irreparable misidentification. *Barnett*, supra at 556; *Killens v. State*, 184 Ga. App. 717, 720 (362 SE2d 425) (1987); *Martin*, supra at 582. The trial court did not err by denying the motion in limine and admitting evidence of the pre-trial voice identification.

3. Jefferson contends the trial court erred by refusing to sever the counts relating to the 1989 incident from the counts relating to the 1990 incident. "Severance is required if offenses are joined solely because they are similar in nature. *Cooper v. State*, 253 Ga. 736, 737

(325 SE2d 137) (1985); *Dingler v. State*, 233 Ga. 462 (211 SE2d 752) (1975); *Wilson v. State*, 188 Ga. App. 779, 780 (374 SE2d 325) (1988)." *Dobbs v. State*, 199 Ga. App. 793 (406 SE2d 252) (1991). Severance is not mandated, however, where the similarity of the offenses is coupled with evidence of a pattern which shows a common motive, plan, scheme, or bent of mind. *Wilson v. State*, 188 Ga. App. 779, 780 (374 SE2d 325) (1988). "Where the modus operandi of the perpetrator is so strikingly alike, that the totality of the facts unerringly demonstrate and designate the defendant as the common perpetrator, the offenses may be joined — subject to the right of the defendant to severance in the interests of justice. Severance in this particular kind of circumstance lies within the sound discretion of the trial judge." (Citations and punctuation omitted.) Id. at 780.

There was a valid reason, other than similarity, for joinder of the offenses relating to the 1989 and 1990 incidents, so severance was discretionary with the trial court. *Davis v. State*, 159 Ga. App. 356 (283 SE2d 286) (1981). The 1989 and 1990 assaults, about six months apart, both occurred while the defendant was home on leave from military service. The victims were young white females, who lived close to one another in Sycamore, Georgia, and were attacked after an assailant entered their residences in the early morning hours and awoke them from sleep. A weapon was employed against the victim in both cases, and evidence showed that entry in each case was gained through a window. The victims described the assailant's voice in similar terms, and the defendant was positively identified by both victims as the assailant. The trial court did not abuse its discretion in denying the motion to sever. See *Exley v. State*, 198 Ga. App. 748, 750 (402 SE2d 798) (1991).

4. Contrary to Jefferson's contentions, the trial court did not err in admitting evidence that he committed a prior rape. The State introduced testimony that on December 21, 1989, Jefferson raped a woman at her residence located in an adjoining county about 23 miles from the residences of the victims of the present offenses. At the pretrial hearing, in which the trial court ruled that the prior rape was admissible, defense counsel objected on the grounds that the prior rape was not sufficiently similar to the charged crimes. This objection was renewed by the defense at trial prior to introduction of the prior transaction evidence. Compare *Hunter v. State*, 202 Ga. App. 195, 196-198 (413 SE2d 526) (1991) (failure to object on specific grounds at time similar transaction evidence is offered).

At the hearing held prior to trial, the State made a sufficient showing: (1) that it sought to introduce evidence of the independent crime, not to raise an improper inference as to Jefferson's character, but for the purpose of showing identity, scheme, course of conduct, motive and bent of mind; (2) that Jefferson committed the indepen-

dent crime, and (3) that a sufficient similarity existed between the independent crime and the crime charged so that the former tends to prove the latter. *Williams v. State*, 261 Ga. 640, 642 (409 SE2d 649) (1991); *Stephens v. State*, 261 Ga. 467 (405 SE2d 483) (1991).[1]

The State's proof at trial included eyewitness testimony that Jefferson committed the prior rape, and evidence of sufficient similarity between the prior rape and the rapes on trial to warrant admission of the independent crime.[2] All the victims were white females, who were attacked in their residences in morning hours ranging from about 2:00 a.m. to 9:00 a.m. A weapon was used in each case, and in each case there was evidence that entry was gained to the residence through a window. In the rapes being tried, the victims were 23 and 13 years of age. The victim was 15 years old in the prior rape. All of the attacks occurred while Jefferson was home on leave from military service. The rapes on trial occurred on December 29, 1989, and August 2, 1990, and the prior rape occurred on December 21, 1989. Although the prior rape occurred about 23 miles from the location of the charged crimes, the prior victim lived about two miles off of Georgia Highway 32, and the victims of the charged rapes lived less than a mile from Highway 32. There was no error in admitting evidence of the prior rape. *Williams*, supra at 642; *Johnson v. State*, 242 Ga. 649, 652-653 (250 SE2d 394) (1978); *Weldon v. State*, 202 Ga. App. 51, 52 (413 SE2d 229) (1991); *Hargrove v. State*, 202 Ga. App. 854, 855-856 (415 SE2d 708) (1992); *Henderson v. State*, 204 Ga. App. 884 (420 SE2d 813) (1992).

5. Jefferson claims the trial court erred by admitting six photographs of the 1989 victim depicting various wounds she suffered in the attack. He also claims error in the admission of four photographs of blood stains on the victim's bed resulting from the attack. Appellant objected to the photographs on grounds that they were cumulative, and had no value other than to inflame the passions of the jury.

In the 1989 incident, Jefferson was charged with aggravated assault by beating the victim with a crowbar-like weapon. The victim suffered numerous head wounds, and it appears that multiple photographs were necessary to fully depict the extent of her injuries. "Photographs showing the extent of injuries suffered by the victim of the

---

[1] The procedure outlined in *Williams* and *Stephens*, supra, is applied retroactively to this case which was tried prior to issuance of those decisions. *Ramirez v. State*, 205 Ga. App. 217 (422 SE2d 3) (1992). Appellant does not challenge the sufficiency of the trial court's determination on the record that the State made a proper showing at the pre-trial hearing for admission of similar transaction evidence under *Williams*, supra. See *Lumpkin v. State*, 205 Ga. App. 68 (421 SE2d 100) (1992). We note, however, that the evidence presented by the State at the hearing was sufficient for the trial court to conclude that the *Williams*, supra, prerequisites were satisfied.

[2] The fact that Jefferson had not been tried or convicted for the prior rape does not bar its use as similar transaction or occurrence evidence. *Howard v. State*, 204 Ga. App. 882 (420 SE2d 811) (1992).

alleged criminal act are relevant at the trial of the defendant, and are admissible despite allegations that they may inflame and prejudice the jury. *Associated Health Systems, Inc. v. Jones*, 185 Ga. App. 798, 803 (366 SE2d 147) (1988); *Johnson v. State*, 184 Ga. App. 745, 746 (362 SE2d 450) (1987)." *Stokes v. State*, 204 Ga. App. 586 (420 SE2d 84) (1992). There was no error in admitting these photographs. The bloody bedding was similarly relevant to show the extent of the injuries as a result of the assault. *Talley v. State*, 137 Ga. App. 548, 552 (224 SE2d 455) (1976). Although four photographs of the bed were not necessary to fairly show the scene, we find no cause for reversal in their admission.

6. Jefferson contends the state deliberately discriminated against him on the basis of race by using its peremptory strikes to exclude blacks from the jury. See *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986). The individual questioning of the panel of jurors from which the jury was selected was made a part of the record, but no record was transmitted to this court showing how peremptory challenges were exercised by the State or the defense in selecting the jury. Nevertheless, the parties agree that the jury was 50 percent black, and was selected from a panel of jurors that was 25 percent black. Assuming, without deciding, that these numbers alone were not a sufficient reason to conclude that no prima facie case of discrimination was established,[3] the record does not reflect whether the trial court ruled that a prima facie case was established, nor does the record reflect any explanations given by the State for each of its strikes, or any ruling thereon by the trial court.[4] Moreover, the record reflects that the jury was selected sometime prior to the day of trial, and was sworn immediately prior to commencement of the trial. There is nothing in the record indicating that appellant timely raised the *Batson* objection prior to the jury being sworn. *State v. Sparks*, 257 Ga. 97, 98 (355 SE2d 658) (1987). Accordingly, the appellant has failed to carry his burden to prove a claim under *Batson*. See *Love v. State*, 205 Ga. App. 27 (421 SE2d 125) (1992); *Brown v. State*, 261 Ga. 184, 185 (402 SE2d 725) (1991).

7. The evidence was sufficient for a rational trier of fact to conclude that Jefferson was guilty of the charged offenses beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

---

[3] In *Weems v. State*, 262 Ga. 101 (416 SE2d 84) (1992), the Court discussed the dangers inherent in relying exclusively upon statistical data in determining the prima facie requirement.

[4] The briefs of the parties, though reflecting that some explanations were given to the trial court at some point, are inadequate to establish a sufficient record.

DECIDED DECEMBER 1, 1992.

*Herbert W. Benson, Melinda B. Banks*, for appellant.
*David E. Perry, District Attorney, A. Douglas Newsome, Assistant District Attorney*, for appellee.