THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 The State, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Travis Deniele
 Robinson, Appellant.
 
 
 
 
 

Appeal From York County
John C. Hayes, III, Circuit Court Judge

Unpublished Opinion No. 2011-UP-022
 Submitted January 1, 2011  Filed January
25, 2011    

AFFIRMED

 
 
 
 Chief Appellate Defender Joseph L. Savitz,
 III, of Columbia, for Appellant.
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W.
 Elliott, Senior Assistant Attorney General Harold M. Coombs, Jr., all of
 Columbia; and Solicitor Kevin S. Brackett, of York, for Respondent.
 
 
 

PER CURIAM:  Travis
 Deniele Robinson appeals his convictions for attempted armed robbery, assault
 and battery with intent to kill, and possession of a weapon during the
 commission of a violent crime, arguing the circuit court erroneously admitted
 unreliable in-court identifications by eyewitnesses after determining the
 out-of-court identification procedures were unduly suggestive.  We affirm.[1]
When assessing the
 admissibility of an eyewitness identification, a court must apply a two-prong
 test.  State v. Moore, 343 S.C.
 282, 287, 540 S.E.2d 445, 447 (2000). 
 First, it must determine whether the confrontation procedure used by the police
 was unduly suggestive.  Id.  Only if the procedure was unduly suggestive
 must a court focus on whether "'under [the totality of] the circumstances
 the identification was reliable notwithstanding any suggestive procedure.'"  Id. at 287, 540 S.E.2d at 447-48 (quoting Jefferson v. State, 425
 S.E.2d 915, 918 (Ga. Ct. App. 1992)).  Factors
 to consider in "evaluating the likelihood of [a] misidentification"
 include the following:

 [T]he
 opportunity of the witness to view the criminal at the time of the crime, the
 witness'[s] degree of attention, the accuracy of the witness'[s] prior
 description of the criminal, the level of certainty demonstrated by the witness
 at the confrontation, and the length of time between the crime and the
 confrontation.

Neil v. Biggers, 409 U.S. 188, 199-200 (1972).
Here, the circuit court
 did not abuse its discretion by admitting the eyewitnesses' in-court
 identifications.  After finding the show-up procedure performed by the police
 was unduly suggestive, the circuit court properly considered the Neil v.
 Biggers factors to assess the reliability of the eyewitnesses'
 identifications.  As to the first witness's identification: first, she testified
 she saw Robinson when he walked into and back out of the gas station, and
 throughout the course of his struggle with the victim; second, she testified
 she was suspicious of Robinson and witnessed the struggle and shooting unfold, indicating
 a heightened degree of attention; third, she told police the shooter had
 dreadlocks; fourth, she was "99 percent sure" Robinson was the
 shooter; and finally only a "little while" had passed until she
 identified Robinson at the show-up that night.  As to the second witness's
 identification: first, she testified she saw Robinson when he walked into and
 back out of the gas station, and she looked him in the eyes during the
 attempted robbery; second, her attention was focused on Robinson during the
 course of the attempted robbery; third, she was a "hundred percent
 certain" Robinson was the shooter; and finally, only a "little
 while" had passed before she identified Robinson as the shooter later that
 night.  
Under the totality of
 the circumstances, the unduly suggestive show-up procedures did not unconstitutionally
 taint the reliability of the eyewitnesses' in-court identifications of
 Robinson.  Thus, the circuit court did not err in allowing both eyewitnesses to
 identify Robinson in court as the shooter.  Accordingly, the decision of the
 circuit court is
AFFIRMED.
FEW, C.J., SHORT and
 WILLIAMS, JJ., concur. 

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.