**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Shawn Lee Wyatt, Appellant.

Appellate Case No. 2014-001556

Appeal From Lancaster County
DeAndrea G. Benjamin, Circuit Court Judge

Unpublished Opinion No. 2016-UP-162
Submitted December 1, 2015 – Filed April 6, 2016

**AFFIRMED**

Appellate Defender John Harrison Strom, of Columbia,
for Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General William M. Blitch, Jr., both of
Columbia; and Solicitor Douglas A. Barfield, Jr., of
Kershaw, for Respondent.

**PER CURIAM:**  Affirmed pursuant to Rule 220(b), SCACR, and the following
authorities:  *State v. Moore*, 343 S.C. 282, 288, 540 S.E.2d 445, 448 (2000)
("Generally, the decision to admit an eyewitness identification is at the trial

[court]'s discretion and will not be disturbed on appeal absent an abuse of such, or the commission of prejudicial legal error."); *id.* ("However, an eyewitness identification which is unreliable because of suggestive line-up procedures is constitutionally inadmissible as a matter of law."); *State v. Brown*, 356 S.C. 496, 502-03, 589 S.E.2d 781, 784 (Ct. App. 2003) ("An in-court identification of an accused is inadmissible if a suggestive out-of-court identification procedure created a very substantial likelihood of irreparable misidentification."); *Moore*, 343 S.C. at 287, 540 S.E.2d at 447 ("The United States Supreme Court has developed a two-prong inquiry to determine the admissibility of an out-of-court identification."); *Neil v. Biggers*, 409 U.S. 188, 198 (1972) ("[F]irst of all . . . the primary evil to be avoided is 'a very substantial likelihood of irreparable misidentification.'" (quoting *Simmons v. United States*, 390 U.S. 377, 384 (1968))); *id.* at 199 ("We turn, then, to the central question, whether under the 'totality of the circumstances' the identification was reliable even though the confrontation procedure was suggestive."); *id.* at 199-200 ("[T]he factors to be considered in evaluating the likelihood of misidentification include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation"); *Moore*, 343 S.C. at 287, 540 S.E.2d at 447-48 ("Only if [the procedure] was suggestive need the court consider the second question . . . . Although one-on-one show-ups have been sharply criticized, and are inherently suggestive, the identification need not be excluded as long as under all the circumstances the identification was reliable notwithstanding any suggestive procedure.  [The] inquiry, therefore, must focus upon whether, under the totality of the circumstances, there was a substantial likelihood of irreparable misidentification." (alterations in original) (quoting *Jefferson v. State*, 425 S.E.2d 915, 918 (Ga. Ct. App. 1992))).

**AFFIRMED.**[1]

**HUFF, A.C.J., and WILLIAMS and THOMAS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.