**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Javarias Giovanni Marquez Teague, Appellant.

Appellate Case No. 2014-001785

———————

Appeal From Greenville County
James R. Barber, III, Circuit Court Judge

———————

Unpublished Opinion No. 2016-UP-384
Submitted May 1, 2016 – Filed July 27, 2016

———————

**AFFIRMED**

———————

Appellate Defender Laura Ruth Baer, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Susannah Rawl Cole, both of Columbia; and Solicitor William Walter Wilkins, III, of Greenville, for Respondent.

———————

**PER CURIAM:** Javarias Giovanni Marquez Teague appeals his convictions for two counts of armed robbery and two counts of possession of a weapon during the

commission of a violent crime, arguing the trial court erred by (1) admitting the victims' out-of-court identifications, (2) admitting the victims' in-court identifications, and (3) refusing to give Teague's proposed jury charge on identification. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court erred in admitting the victims' out-of-court and in-court identifications: *State v. Liverman*, 398 S.C. 130, 138, 727 S.E.2d 422, 425 (2012) ("Generally, the decision to admit an eyewitness identification is at the trial [court]'s discretion and will not be disturbed on appeal absent an abuse of discretion."); *State v. Moore*, 343 S.C. 282, 286, 540 S.E.2d 445, 447 (2000) ("A criminal defendant may be deprived of due process of law by an identification procedure which is unnecessarily suggestive and conducive to irreparable mistaken identification."); *id.* ("An in-court identification of an accused is inadmissible if a suggestive out-of-court identification procedure created a very substantial likelihood of irreparable misidentification."); *id.* at 287, 540 S.E.2d at 447 ("The United States Supreme Court has developed a two-prong inquiry to determine the admissibility of an out-of-court identification."); *id.* ("[A] court must first determine whether the identification process was unduly suggestive. . . . [It] next must determine whether the out-of-court identification was nevertheless so reliable that no substantial likelihood of misidentification existed." (second and third alteration by court) (quoting *Curtis v. Commonwealth*, 396 S.E.2d 386, 388 (Va. Ct. App. 1990))); *id.* at 287, 540 S.E.2d at 447-48 ("Only if [the procedure] was suggestive need the court consider the second question[–]whether there was a substantial likelihood of irreparable misidentification." (first alteration by court) (quoting *Jefferson v. State*, 425 S.E.2d 915, 918 (Ga. Ct. App. 1992))); *State v. Patterson*, 337 S.C. 215, 222, 522 S.E.2d 845, 849 (Ct. App. 1999) (finding no evidence of suggestiveness in that particular photographic lineup identification procedure).

2. As to whether the trial court erred in refusing to give Teague's proposed charge on identification: *State v. Green*, 412 S.C. 65, 75, 770 S.E.2d 424, 430 (Ct. App. 2015) ("An appellate court will not reverse the trial [court]'s decision regarding a jury charge absent an abuse of discretion." (alteration by court) (quoting *State v. Commander*, 396 S.C. 254, 270, 721 S.E.2d 413, 421-22 (2011))); *id.* at 75-76, 770 S.E.2d at 430 ("To warrant reversal, a trial [court]'s refusal to give a requested charge must be both erroneous and prejudicial to the defendant." (alteration by court) (quoting *Commander*, 396 S.C. at 270, 721 S.E.2d at 422)); *id.* at 76, 770

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

S.E.2d at 430 ("A jury charge which is substantially correct and covers the law does not require reversal." (quoting *State v. Brandt*, 393 S.C. 526, 549, 713 S.E.2d 591, 603 (2011))); *id.* ("[T]he trial court is required to charge only the current and correct law of South Carolina." (alteration in original) (quoting *Brandt*, 393 S.C. at 549, 713 S.E.2d at 603)); *Patterson*, 337 S.C. at 234, 522 S.E.2d at 854-55 ("Article V of the South Carolina Constitution prohibits judges from charging juries in respect to matters of fact." (quoting *State v. Robinson*, 274 S.C. 198, 203, 262 S.E.2d 729, 731 (1980))); *id.* at 234, 522 S.E.2d at 855 ("The trial [court] must refrain from intimating 'to the jury his opinion of the case, what weight or credence should be given to the evidence and participating in any manner with the jury's finding of fact.'" (quoting *Robinson*, 274 S.C. at 203, 262 S.E.2d at 731)); *id.* (considering the jury charge propounded in *United States v. Telfaire*, 469 F.2d 552 (D.C. Cir. 1972), to be an inappropriate charge on the facts); *Green*, 412 S.C. at 76-77, 770 S.E.2d at 430 (finding the trial court's standard identification charge was an accurate statement of the law in South Carolina, and "adequately focused the attention of the jury on the necessity for a finding that the testimony identified the defendant as the offender beyond a reasonable doubt" (quoting *State v. Motes*, 264 S.C. 317, 326, 215 S.E.2d 190, 194 (1975))); *id.* at 77, 770 S.E.2d at 431 (finding some of the requested charges, including the requested charge on cross-racial identification, "would have been improper instructions into matters of fact or comments on the weight of the evidence").

**AFFIRMED.**

**HUFF, KONDUROS, and GEATHERS, JJ., concur.**