**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

In the Interest of Malik S., a Juvenile Under the Age of Seventeen, Appellant.

Appellate Case No. 2015-001559

Appeal From Richland County
Gwendlyne Y. Jones, Family Court Judge
Monét S. Pincus, Family Court Judge

Unpublished Opinion No. 2017-UP-419
Submitted October 1, 2017 – Filed November 8, 2017

**AFFIRMED**

Appellate Defender Laura Ruth Baer, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Assistant Attorney General Mark Reynolds Farthing, and Solicitor Daniel Edward Johnson, all of Columbia, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Brown*, 356 S.C. 496, 502, 589 S.E.2d 781, 784 (Ct. App. 2003) ("Generally, the decision to admit an eyewitness identification is in the trial [court's] discretion and will not be disturbed on appeal absent an abuse of

discretion, or the commission of prejudicial legal error."); *State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law."); *State v. Traylor*, 360 S.C. 74, 81, 600 S.E.2d 523, 526 (2004) ("A criminal defendant may be deprived of due process of law through an identification procedure which is unnecessarily suggestive and conducive to irreparable mistaken identification."); *State v. Moore*, 343 S.C. 282, 286, 540 S.E.2d 445, 447 (2000) ("An in-court identification of an accused is inadmissible if a suggestive out-of-court identification procedure created a very substantial likelihood of irreparable misidentification."); *id*. at 287, 540 S.E.2d at 447 (stating courts engage in the two-prong inquiry set forth in *Neil v. Biggers*[1] to determine whether an out-of-court identification is admissible); *Traylor*, 360 S.C. at 81, 600 S.E.2d at 526 (stating a trial court must first "ascertain whether the identification process was unduly suggestive"); *id*. at 81, 600 S.E.2d at 526-27 (stating a court must next determine "whether the out-of-court identification was nevertheless so reliable that no substantial likelihood of misidentification existed"); *Moore*, 343 S.C. at 287, 540 S.E.2d at 447-48 ("Only if [the procedure] was suggestive need the court consider the second question[–]whether there was a substantial likelihood of irreparable misidentification." (first alteration by court) (quoting *Jefferson v. State*, 425 S.E.2d 915, 918 (Ga. Ct. App. 1992))); *State v. Mansfield*, 343 S.C. 66, 78, 538 S.E.2d 257, 263 (Ct. App. 2000) ("Reliability is the linchpin in determining the admissibility of identification testimony."); *Biggers*, 409 U.S. at 199-200 ("[T]he factors to be considered in evaluating the likelihood of misidentification include the opportunity of the witness to view the criminal at the time of the crime, the witness'[s] degree of attention, the accuracy of the witness'[s] prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation.").

**AFFIRMED.**[2]

**LOCKEMY, C.J., and HUFF and HILL, JJ., concur.**

---

[1] 409 U.S. 188 (1972).
[2] We decide this case without oral argument pursuant to Rule 215, SCACR.