**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Ronald Wood, Jr., Appellant.

Appellate Case No. 2022-000888

Appeal From Lexington County
Clifton Newman, Circuit Court Judge

Unpublished Opinion No. 2024-UP-036
Submitted January 1, 2024 – Filed January 31, 2024

**AFFIRMED**

Appellate Defender Breen Richard Stevens, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Senior Assistant Attorney General David A. Spencer, and Senior Assistant Attorney General Mark Reynolds Farthing, all of Columbia; and Solicitor Samuel R. Hubbard, III, of Lexington, all for Respondent.

**PER CURIAM:** Ronald Wood, Jr., appeals his conviction for first-degree burglary and his sentence of twenty-three years' imprisonment. On appeal, Wood

argues the trial court erred in failing to suppress the out-of-court and in-court identifications of Wood by an eyewitness when the eyewitness was in close proximity to the perpetrator but provided merely generic descriptions of the perpetrator's clothing, age, gender, and race and failed to provide any details about the perpetrator's face or Wood's distinctive tattoos. We affirm pursuant to Rule 220(b), SCACR.

We hold the trial court did not abuse its discretion in admitting evidence of the eyewitness's out-of-court identification of Wood. *See State v. Liverman*, 398 S.C. 130, 138, 727 S.E.2d 422, 425 (2012) ("Generally, the decision to admit an eyewitness identification is at the trial judge's discretion and will not be disturbed on appeal absent an abuse of discretion."); *id.* at 138, 727 S.E.2d at 426 ("Due process requires courts to assess, on a case-by-case basis, whether the identification resulted from unnecessary and unduly suggestive police procedures, and if so, whether the out-of-court identification was nevertheless so reliable that no substantial likelihood of misidentification existed."); *State v. Brown*, 356 S.C. 496, 502-03, 589 S.E.2d 781, 784 (Ct. App. 2003) ("An in-court identification of an accused is inadmissible if a suggestive out-of-court identification procedure created a very substantial likelihood of irreparable misidentification."). Although the identification procedure used by police was suggestive, it was not unnecessarily suggestive because it occurred approximately two hours after the incident, it was close in proximity to the burglary, the eyewitness's memory was still fresh, Wood had not altered his appearance other than removing his black shirt and holding it in his hand, and police had previously interacted with two other suspects where the interaction terminated as soon as the eyewitness rejected them. *See State v. Moore*, 343 S.C. 282, 287, 540 S.E.2d 445, 448 (2000) ("Single person show-ups are particularly disfavored in the law."); *State v. Mansfield*, 343 S.C. 66, 78, 538 S.E.2d 257, 263 (Ct. App. 2000) ("While a [show-up] in which a witness views a single suspect is generally suggestive, and hence suspect or disfavored, and less preferable than a lineup, even if requested by accused, a [show-up] may be proper in some circumstances." (quoting 22A C.J.S. Criminal Law § 803 (1989))); *State v. Wyatt*, 421 S.C. 306, 313, 806 S.E.2d 708, 711 (2017) (explaining suggestive police identification procedures may be necessary "where it occurs shortly after the alleged crime, near the scene of the crime, as the witness' memory is still fresh, and the suspect has not had time to alter his looks or dispose of evidence, and the [show-up] may expedite the release of innocent suspects, and enable the police to determine whether to continue searching" (quoting *Gibbs v. State*, 403 S.C. 484, 494, 744 S.E.2d 170, 175 (2013))).

Even if the identification procedure used here was unnecessarily suggestive, the eyewitness's identification was nevertheless so reliable it posed no substantial likelihood of irreparable misidentification. *See Moore*, 343 S.C. at 287, 540 S.E.2d at 448 ("Although one-on-one show-ups have been sharply criticized, and are inherently suggestive, the identification need not be excluded as long as under all the circumstances the identification was reliable notwithstanding any suggestive procedure." (quoting *Jefferson v. State*, 425 S.E.2d 915, 918 (Ga. App. Ct. 1992))); *Neil v. Biggers*, 409 U.S. 188, 199-200 (1972) ("[T]he factors to be considered in evaluating the likelihood of misidentification include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation."). Based on the totality of the circumstances, the factors weigh in favor of reliability because the burglary occurred on a clear and sunny day; the eyewitness was able to observe the perpetrator from a relatively close distance; the eyewitness paid close attention to the perpetrator for the purpose of making an identification; the eyewitness's identification was not inaccurate because although the eyewitness did not describe the perpetrator as having tattoos, Wood matched the description when he was found; the eyewitness immediately identified Wood when she arrived at the location where Wood was detained; the eyewitness stated she knew Wood was the perpetrator without a shadow of a doubt; and the identification was made just over two hours after the eyewitness initially called 911. Because the trial court did not abuse its discretion by admitting the eyewitness's out-of-court identification, it did not err by allowing the eyewitness' in-court identification. *See Brown*, 356 S.C. at 502-03, 589 S.E.2d at 784 ("An in-court identification of an accused is inadmissible if a suggestive out-of-court identification procedure created a very substantial likelihood of irreparable misidentification.").

**AFFIRMED.**[1]

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.