## 63739. WESTBROOK v. THE STATE.

DEEN, Presiding Judge.

1. The sole issue on appeal is whether, on the trial of a defendant, the spouse must make an election not to testify outside the presence of the jury or whether he or she may be compelled, if asked, to state such election in the jury's presence.

A divided court in *Merneigh v. State,* 123 Ga. App. 485 (2) (181 SE2d 498) (1971) held that to compel the answer before the jury did not constitute harmful or reversible error. It will be noted however that the court did not in *totidem verbis* approve the practice. In *Colson v. State,* 138 Ga. App. 366 (226 SE2d 154) (1976) a divided court struck down that decision without appearing actually to overrule it. The discrepancy was noted in *Casper v. State,* 244 Ga. 689, 693 (261 SE2d 629) (1979) with the remark that the most recent of these cases, *Colson,* held it error to make one spouse invoke the privilege against testifying against the marital partner in front of the jury. We agree that this is a proper construction, and that the effect of *Colson* was to overrule *Merneigh sub silentio.* Further, and contrary to a statement in *Colson,* we find that a majority of five members of the court in *Merneigh* did allow the practice, since four judges specifically dissented from division 2 of that opinion and the three judges specially concurring did so on an entirely different issue.

In order to put this question to rest and make it perfectly clear, we overrule any statement to the contrary in *Merneigh v. State,* 123 Ga. App. 485, supra, and any other cases of similar import and hold that the election of one spouse to testify against the other should be made outside the presence of the jury under normal circumstances. If the issue has not been settled prior to the state calling the spouse as a witness, defense counsel may at that time indicate to the court that he has a motion to make outside the presence of the jury, and the court shall then excuse the jury and hear the objection. See Fratello v. United States, 340 F2d 560 as to the method recommended in that

case.

2. This right, although belonging to the defendant in the first instance, may be waived, and should be considered waived if it becomes a methodology for forcing or bringing the issue to the jury's attention. Where the whole purpose of deciding the question in privacy is to avoid alerting the jury to the spouse's election, any act by the defendant which intentionally does so must be considered a waiver.

In the present case, when the state announced its intention to rest, the defense attorney volunteered in the presence of the jury: "Your Honor, let me say this before you rest. I have Kay Westbrook [defendant's wife] here if you want to call her as a witness." The state's attorney replied, "We will rest at this time. We'd like to keep her here." Mrs. Westbrook remained until after the defense presentation, at which time the state's attorney called Mrs. Westbrook to the stand. Defendant's counsel then pointed out that the proposed witness was the defendant's wife and had a right to refuse to testify if she so desired. Under these circumstances it appears that the defendant's right to have the decision made in private had been waived. Defense counsel, having publicly suggested in the jury's presence that the defendant's wife was an available witness to the state, cannot later complain that she was called in rebuttal, which was also done in the jury's presence. One cannot complain of an error which his own conduct aided in causing. *Brown v. State,* 150 Ga. 756 (2) (105 SE 289) (1920); *Wallis v. Watson,* 184 Ga. 38 (1) (190 SE 360) (1937).

*Judgment affirmed. Quillian, C. J., McMurray, P. J., Shulman, P. J., Banke, Birdsong, Carley, Sognier and Pope, JJ., concur.*

DECIDED APRIL 15, 1982.

*Judith F. Bagby,* for appellant.
*William A. Foster III, District Attorney, Steven J. Messinger, Assistant District Attorney,* for appellee.