A91A1487. PATTERSON et al. v. THE STATE.
(414 SE2d 895)

BIRDSONG, Presiding Judge.

Appellants Claude Patterson and David Warren Locke were convicted of arson in the second degree and appeal. *Held*:

1. Appellants contend that the trial court committed reversible error in denying their motions for continuance because their attorney was not retained until ten minutes before the jury was selected. In making this ruling preceding the trial on March 27, 1991, the trial court noted that when the case was first called in September it was continued to give the defendants time to hire counsel, as they were not entitled to appointed counsel when they were found not to be indigent. The case appeared before the court in October, and was again continued until the February term in order to allow the defendants further opportunity to retain counsel. When the case reappeared on the February calendar and the defendants still had not retained an attorney, another continuance was granted until March. At the last appearance for trial, the motion made by the defendants' attorney based upon his having been hired only ten minutes previously was denied on the ground that no excuse had been offered by the defendants for their delay in retaining counsel.

We find no error. "In all cases, the party making an application for a continuance must show that he has used due diligence." OCGA § 17-8-20. The defendants here proffered no evidence that they had exercised such due diligence, nor did they explain their delay in hiring

counsel. "A motion for continuance based on counsel's claim of insufficient time to prepare for trial is addressed to the sound legal discretion of the trial court. . . ." *Snow v. State*, 178 Ga. App. 842 (344 SE2d 762). " ' "The refusal of a motion to continue will not be reversed unless it is manifest that there has been an abuse of discretion on the part of the trial judge." ' [Cits.] We are satisfied that in this instance the trial court did not breach its discretion . . . in refusing to grant the requested continuance." *Laster v. State*, 196 Ga. App. 854, 855 (1) (397 SE2d 191).

2. Appellants complain that the State acted improperly when it subpoenaed appellant Patterson's wife and called her to the stand as its witness without informing her that she had the right not to testify against her husband; and that it was erroneous to permit her to invoke her marital privilege before the jury. This occurred when the State called Mrs. Patterson as its first witness; during her examination defense counsel objected and asked the court whether she had been apprised of her right not to testify against her husband. The judge noted that he could not answer the question as this was her privilege, which she could invoke if she wished. The witness stated that she did not want to testify, the court agreed, and at that point the prosecutor suggested that the jury be retired. Defense counsel made no objection to this procedure either before or after the jury retired.

In *Westbrook v. State*, 162 Ga. App. 130 (290 SE2d 333) (1982), we held that under normal circumstances the election of one spouse to refrain from testifying against the other should be made outside the presence of the jury. As to the circumstance of the spouse's voluntarily taking the stand, see *Wiley v. State*, 150 Ga. App. 607, 608 (1) (258 SE2d 286). In this case, Mrs. Patterson did not voluntarily take the stand, and in the circumstances, the cause of her being forced to invoke her privilege in front of the jury during her examination was caused as much by the defendant as it was the State. In *Westbrook*, we held at 131 (2) that "[t]his right, although belonging to the defendant in the first instance, may be waived, and should be considered waived if it becomes a methodology for forcing or bringing the issue to the jury's attention. Where the whole purpose of deciding the question in privacy is to avoid alerting the jury to the spouse's election, any act by the defendant which intentionally does so must be considered a waiver." Mrs. Patterson's invocation of her privilege in public could have been avoided had defense counsel requested that the matter be taken up outside the presence of the jury when she first took the stand. Id. at 130 (1). "Under these circumstances it appears that the defendant's right to have the decision made in private had been waived. . . . One cannot complain of an error which his own conduct aided in causing. [Cits.]" Id. at 130 (2); see *Hawkins v. State*,

195 Ga. App. 739 (2) (395 SE2d 251); compare *Williams v. State*, 195 Ga. App. 376 (2) (393 SE2d 506).

3. Appellants assert that the trial court erred in failing to grant their motion for directed verdict of acquittal because the State failed to carry the burden of proof, that is, the circumstantial evidence introduced by the State was too weak to present a jury question. Doug Lowery and his wife Michelle testified for the State that on August 7, 1990, as they drove down Ballground Road in Murray County, Georgia, they saw appellant David Locke standing beside a parked car and Claude Patterson driving a pickup truck that stopped next to the parked car. About 25 minutes later when they drove past the scene again, the Lowerys saw the car totally engulfed in flames. Neither of the appellants nor the pickup truck was present at that time. The Lowerys reported the situation to law enforcement authorities who investigated and determined that the car had been doused with a flammable liquid and set afire. Appellants admitted driving the car, a 1988 Ford Escort which belonged to Patterson's wife, to the scene. A detective testified that Mr. and Mrs. Patterson had reported the car stolen two days after the fire occurred. A representative of the automobile lienholder testified that the car was burned without its consent.

This evidence, both direct and circumstantial in nature, was sufficient to prove the essential elements of arson in the second degree as defined by OCGA § 16-7-61. "In our opinion the jury was authorized to conclude beyond a reasonable doubt that the fire was of incendiary origin, and that [appellants were the perpetrators]. 'It is not often possible to make out a case of arson by direct proof establishing the corpus delicti or showing the connection of the defendant with the commission of the crime, for arson is seldom committed except . . . when there is small chance that the criminal will be actually observed in the execution of his nefarious purpose . . . and therefore circumstances must generally be depended upon not only to show the guilt of the accused, but to establish the corpus delicti. . . .' [Cits.]" *Smith v. State*, 122 Ga. App. 882, 883-884 (179 SE2d 261).

When, as here, an enumeration of error is based upon the overruling of a motion for directed verdict of acquittal, which was grounded at trial on insufficiency of the evidence, the proper test for an appellate court is "the beyond a reasonable doubt test" as expressed in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). *Williams v. State*, 199 Ga. App. 566, 567 (1) (405 SE2d 716), citing *Humphrey v. State*, 252 Ga. 525, 527 (314 SE2d 436). "As for the circumstantial evidence, a conviction on circumstantial evidence alone is authorized when 'the proved facts (are) consistent with the hypothesis of guilt, but . . . exclude every other reasonable hypothesis save that of the guilt of the accused.' [Cits.] 'The term "hypothe-

sis" as used in (OCGA § 24-4-6) refers to such reasonable inferences as are ordinarily drawn by ordinary men in the light of their experience in everyday life; the Code section does not mean that the act might by bare possibility have been done by somebody else, but that the State should show to a moral certainty that it was the defendant's act. . . .' [Cits.]" *Cobb v. State*, 195 Ga. App. 429, 430 (2) (393 SE2d 723). Viewing the evidence of this case in a light most favorable to the verdict, we conclude the jury rationally could have found that it excluded every reasonable hypothesis except that of appellants' guilt. Review of the transcript reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellants were both guilty of arson in the second degree. *Jackson v. Virginia*, supra.

4. After Mrs. Patterson invoked her marital privilege not to testify against her husband, the trial court did not err in admitting a statement she made to a detective during his investigation of the case. Detective Sam West testified that Mrs. Patterson told him her husband came to the restaurant where she worked on August 7, 1990, to borrow her car, but never returned it. When she got home 12 hours later, Patterson told her he had brought the car back and was gone for only one hour, so she reported it as stolen. Appellants insist that their right of confrontation was violated because they were unable to cross-examine hearsay testimony offered to convict them.

"However, OCGA § 24-3-1 (b) provides that hearsay evidence is admitted in specified cases from necessity. In *Higgs v. State*, 256 Ga. 606 (351 SE2d 448) (1987), the Georgia Supreme Court, citing *Ohio v. Roberts*, 448 U. S. 56, 65 (100 SC 2531, 65 LE2d 597) (1980), held that the United States Supreme Court had 'not interpreted "confrontation" to signify the exclusion of every hearsay exception, and has provided (a) method to resolve confrontation challenges based on the admission of hearsay testimony: " . . . First, . . . the Sixth Amendment establishes a rule of necessity. In the usual case . . . the prosecution must either produce, or demonstrate the unavailability of, the declarant whose statement it wishes to use against the defendant. (Cits.) The second aspect operates once a witness is shown to be unavailable. . . . (O)nly hearsay [that is] marked with such trustworthiness that 'there is no material departure from the reason of the general rule (may be admitted).' " (Cit.)' [Cits.]" *Adams v. State*, 191 Ga. App. 16, 17 (2) (381 SE2d 69).

We find that the statement here complied with the *Higgs* criteria for proper admission. The necessity exception usually applies "in cases where the witness may not be compelled to testify, as in the case of a wife who cannot be compelled to testify against her husband." *Glisson v. State*, 188 Ga. App. 152, 154 (2) (372 SE2d 462). Thus the necessity requirement was satisfied here. Detective West's

"testimony at trial established the voluntariness of [Mrs. Patterson's] statement. . . . Circumstantial guarantee of its trustworthiness, [cit.], is provided by the fact that [Mrs. Patterson] gave her statement immediately after being [contacted], in the course of an official investigation; that [there was nothing to indicate she ever] recanted or sought to change her statement; and that her statement recounts particulars later corroborated by other evidence. See generally *Higgs*, supra at 608 (5). Accordingly, the trial court did not err by admitting the statement into evidence." *Adams*, supra at 17-18. We find no grounds for reversal.

*Judgment affirmed. Pope and Cooper, JJ., concur.*

DECIDED JANUARY 7, 1992.

Richard L. Yancey, for appellants.
Jack O. Partain III, District Attorney, Kermit N. McManus, Kurt A. Kegel, Assistant District Attorneys, for appellee.