A96A0760. PIERCE v. THE STATE.
(474 SE2d 112)

SMITH, Judge.

Douglas Leonard Pierce became involved in a quarrel over an

eviction that culminated in a general brawl and the stabbing, stoning, and beating of various participants. Pierce and another participant, Allen, were indicted on two counts of aggravated assault. The victim in this case, whose trial was severed from that of Pierce and Allen, was charged with one count of aggravated assault. OCGA § 16-5-21 (a) (2). A jury convicted Pierce of aggravated assault on one count and found him guilty of the lesser included offense of simple assault on the second count. OCGA § 16-5-20 (a). See *Morrison v. State*, 147 Ga. App. 410, 412 (249 SE2d 131) (1978). Pierce appeals from the judgment of conviction and sentence.

1. Pierce asserts the general grounds. Construed in favor of the jury's verdict, the evidence shows that Pierce's sister had been told by the victim to move out within 30 days. As she was moving her belongings, co-defendant Allen appeared in the doorway several times. The last time he returned, Pierce was with him, shouting threats against the victim and the victim's wife. Pierce produced a knife and began waving it around, pointing it at the victim and his wife as he threatened to "cut" them. The victim obtained a stick to defend himself, and Pierce reached around Allen and cut the victim with the knife. Pierce and Allen also threw large rocks at the victim, and Allen then stabbed the victim.

As Pierce points out, the evidence was in conflict as to the instigation of the brawl and the intentions of the participants. But "the credibility of the witnesses was a matter for the jury; on appeal we consider the sufficiency of the evidence, viewing it in the light most favorable to support the jury's verdict. [Cit.]" *Ellis v. State*, 211 Ga. App. 605, 608 (1) (440 SE2d 235) (1994). Viewed in this light, sufficient evidence was presented to enable a rational trier of fact to find that Pierce was guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Pierce contends the trial court abused its discretion in requiring him to proceed to trial without counsel. We disagree. At Pierce's arraignment on May 31, 1995, approximately six months after the incident, he had not obtained counsel. The trial court instructed him to meet "today" with the county official responsible for the appointment of indigent defense counsel. The trial court also informed Pierce that it was "critical" for him to obtain private counsel if he did not meet the criteria for court-appointed counsel and that he otherwise would be required to represent himself. Although unable to meet the indigence standard, at the next calendar call, on August 3, 1995, Pierce still had not obtained an attorney. The trial court urged Pierce to "utilize every avenue" to obtain counsel and inquired as to his efforts to do so. Pierce responded that he had spoken to "several" lawyers but was unable to provide the trial court with their names.

The trial court made further inquiries at the August 14 and

August 17 calendar calls regarding Pierce's efforts to obtain counsel, but Pierce never was able to provide the names of any attorneys he had consulted or any specific information. Nothing on the record shows he undertook any of the strategies suggested by the trial court — speaking to the attorneys present in the courtroom at the calendar calls, taking a second and third job, or raising funds from family and friends. Pierce rejected the trial court's advice that he observe another trial "so that you can get an appreciation for what you may find yourself doing without counsel." Pierce acknowledged he made no effort to ascertain whether he qualified for indigent defense counsel after his employment status changed. The only justification given by Pierce for failing to obtain counsel was, "[W]e just can't afford it."

The trial court concluded that Pierce and Allen did not meet the criteria for appointed counsel, but requested that an attorney in the courtroom act on "a limited appointment" basis to consult with them on legal matters. Pierce agreed to this limited appointment.

The recent case of *Flanagan v. State*, 218 Ga. App. 598 (462 SE2d 469) (1995), decided after the trial of this case, establishes that "while a defendant who is not indigent is not automatically entitled to appointed counsel, he *is* entitled to have the trial court consider his request for appointed counsel based on the individual circumstances of his case; and the defendant's diligence in attempting to retain counsel would be one circumstance to consider." Id. at 599. In *Flanagan*, the trial court denied a non-indigent defendant's request for counsel solely on the basis that he did not meet the indigence standard, despite the defendant's contention that he was virtually illiterate and had obtained some, but not sufficient, funds for an attorney from his employer and family members. We reversed, concluding that "the court cannot simply deny all such requests as a matter of policy, [cits.]" and directing the trial court "to exercise its discretion on whether the circumstances warranted appointment of counsel. [Cit.]" Id. at 600-601.

Pierce relies upon *Flanagan* to insist that the trial court failed to exercise its discretion in his case. The better course perhaps would have been for the trial court to state explicitly on the record that it considered Pierce's diligence and any other special circumstances and made a "limited appointment" of counsel in the exercise of its discretion. It is apparent from the record, however, that the trial court made extensive efforts in multiple pretrial hearings to accommodate Pierce and inquire into any special circumstances. Despite numerous suggestions, instructions, and inquiries from the court over a period of several months, the record contains no indication that Pierce undertook any of the actions suggested by the court. Unlike the defendant in *Flanagan*, he provided no specific information regarding his attempts to obtain funds or an attorney. Pierce

made neither an evidentiary showing nor a contention on appeal that he is illiterate, mentally incompetent, or otherwise less able than the average citizen to undertake the task of obtaining counsel. In fact, evidence was presented showing that Pierce had previous experience with the criminal justice system.

While mindful of *Flanagan*'s teaching that the trial court must consider the appointment of counsel for a non-indigent defendant, we must balance that requirement with the defendant's obligation to exercise due diligence. Unlike the trial court in *Flanagan*, the trial court in this case did not deny Pierce's request for counsel "simply . . . as a matter of policy." 218 Ga. App. at 600-601. The court affirmatively inquired into Pierce's circumstances more than once. It is also apparent from the record that Pierce disregarded the substantial efforts of the trial court to assist him in obtaining counsel, and he failed to provide the court with specific information regarding his own efforts. Pierce's lack of diligence is obvious and would render a remand under *Flanagan* valueless.

Moreover, the record affirmatively shows that the trial court did exercise its discretion in making a "limited appointment" of an attorney to assist Pierce and Allen with legal matters during the trial. Under these circumstances, we cannot conclude that the trial court failed to exercise its discretion in considering whether to appoint counsel for a non-indigent defendant, nor can we conclude that the trial court abused that discretion.

*Judgment affirmed. Pope, P. J., and Andrews, J., concur.*

DECIDED JULY 11, 1996.

*Leo E. Benton, Jr.*, for appellant.
*Lydia J. Sartain, District Attorney, Leonard C. Parks, Jr., Assistant District Attorney*, for appellee.