A97A0894. LANG v. THE STATE.
(487 SE2d 485)

BIRDSONG, Presiding Judge.

Appellant Edward Van Lang a/k/a Edward Brian Lang and Brian Lang appeals his conviction of sale of a controlled substance (cocaine) in violation of OCGA § 16-13-30 (b). He enumerates six errors. *Held*:

1. Judicial notice is taken of the record and transcript, pertaining to appellant, in Case No. A96A1327, *Lang v. State. Rogers v. State*, 195 Ga. App. 446 (1) (394 SE2d 116).

2. On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. *Grant v. State*, 195 Ga. App. 463 (1) (393 SE2d 737). Review of the transcript reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the offense of sale of cocaine of which he was found guilty. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

3. Appellant contends the trial court erred in failing to give his requested instruction on mistaken identification as that was his sole defense to the sale of cocaine charge. Compare *Young v. State*, 226 Ga. 553, 557 (7) (176 SE2d 52) with *Micheli v. State*, 222 Ga. 361 (149 SE2d 803) and *Hubbard v. State*, 220 Ga. App. 678 (469 SE2d 866) (whole court case with four judges in dissent). Pretermitting this issue is whether appellant failed to preserve this enumerated error for appeal. Appellant did not take any exception to the trial court's failure to give his requested instruction on mistaken identification, at the conclusion of the charge to the jury, after being expressly

asked by the trial court whether he had "any exceptions" to the charges. Such an election constituted waiver of any such charging error on appeal. Compare *Weathers v. State*, 202 Ga. App. 849, 852 (3) (415 SE2d 690) and *Hamby v. State*, 158 Ga. App. 265 (3) (279 SE2d 715); see *Wright v. State*, 182 Ga. App. 570 (1) (356 SE2d 531). Accordingly, we need not order a supplementation of the trial record in an attempt to determine the validity of the State's contention that appellant withdrew this request to charge at the charge conference; nor need we determine if mistaken identification was in fact appellant's sole defense.

4. After the jury had been deliberating approximately an hour and 25 minutes, a juror apparently wanted to make a phone call; the trial court called for the jury and ascertained that the vote stood at 10 and 2 but did not ascertain whether the majority were voting for acquittal or conviction. The trial court was informed that the vote had shifted slightly and that the jury was still discussing the case and "may be making slight progress." The court then sua sponte gave a modified *Allen* charge. The *Allen* charge on its four corners reveals that the trial court did not suggest a particular verdict or even require that a verdict be reached by this particular jury. The jury was instructed to return to the jury room for a reasonable time to examine their differences in the spirit of fairness and candor, "with a proper regard for and deference to the opinions of each other," and to "review again the evidence together and make every possible effort to reach a verdict which you, in good conscience, can subscribe as your own." The charge conveyed the cautionary instruction that the court was not asking or suggesting that any juror give up honestly held convictions. See *Tyson v. State*, 217 Ga. App. 428 (1) (457 SE2d 690). The decision to give an *Allen* charge does not require that the jury be deadlocked. *Moore v. State*, 215 Ga. App. 626, 627 (3) (451 SE2d 534). Under the totality of the circumstances, the trial court's election to give this particular *Allen* charge was not a breach of discretion, did not constitute reversible error, and was not unconstitutionally coercive. Id. Moreover, appellant's counsel affirmatively stated on the record that there was no exception to the *Allen* charge.

5. Appellant's enumeration of inadequacy of counsel "at his trial" is without merit. The proper standard of review of such a claim is the two-prong test of *Strickland v. Washington*, 446 U. S. 668 (104 SC 2052, 80 LE2d 674). Decisions such as what instructions to request and what witnesses to call are matters of trial tactics and strategy. See generally *Van Alstine v. State*, 263 Ga. 1 (426 SE2d 360); *Reddin v. State*, 223 Ga. App. 148 (3) (476 SE2d 882). Further, appellant's trial record reveals that his trial counsel timely filed cogent pretrial motions and were adequately prepared for trial. *Datz v. State*, 210 Ga. App. 517, 519 (3) (a) (436 SE2d 506); *Reddin*, supra at 151 (3) (e).

The trial court found that appellant's trial attorneys, Ms. Griggs and Ms. Blair, were effective during all phases of the trial; inherent within this legal conclusion is the finding that appellant's trial counsel provided appellant adequate representation throughout appellant's trial. A trial court's finding of adequacy must be upheld unless clearly erroneous. *Datz*, supra at 519 (3) (d). Appellant has failed to show that the trial court's finding was clearly erroneous. Rather, the appellate records reveal that appellant's counsel were not deficient within the meaning of *Strickland*. See generally *Reddin v. State*, supra at 148 (3); *Datz*, supra. Appellant failed to carry his burden and has failed to overcome the broad presumption of effective assistance of counsel. *Reddin*, supra at 152. This enumeration is without merit.

6. Appellant, proceeding pro se, made a motion for continuance at the commencement of his new trial hearing. The trial court denied the motion and subsequently denied appellant's amended motion for new trial as well. On the date of his hearing, appellant was no longer represented by his trial attorney, and had filed (more than a month earlier) a motion to dismiss his retained appellate counsel, Mr. Cox. At the hearing, appellant stated that his family was going to retain a new attorney to represent him and conceded that, although he had contacted one attorney, no new appellate attorney was present at the hearing to represent him. Appellant further stated that he could proceed with the hearing but that he was only prepared to "go so far" as to the numerous motions which he had filed. He also confirmed that he had not requested either the trial court or the State to appoint an attorney to represent him at the hearing. Although appellant stated he would "prefer to have an attorney present" at the motion for new trial hearing and did not wish to waive his rights to an attorney, he conceded he had said he or his family would hire an attorney of his choice and had not asked for an appointed counsel.

It is reflected by the totality of the record that appellant was fully aware of the dangers associated with his proceeding pro se; this is unequivocally illustrated, for example, by his belated argument to the trial court that he was seeking a continuance because he needed assistance of counsel as he could "only go so far" by himself. Further, at no time after having dismissed his appellate attorney did appellant assert to the trial court that he was indigent and desired counsel to be appointed to represent him.

"A refusal to grant a continuance will not be disturbed by appellate courts unless it clearly appears that the judge abused his discretion in this regard. [Cits.] In all cases, the party making an application for a continuance must show that he has used due diligence. OCGA § 17-8-20." (Citations and punctuation omitted.) *Pope v. State*, 256 Ga. 195, 207 (12) (345 SE2d 831). The record in this case dis-

closes ample evidence from which the trial court could have concluded that, although adequate opportunity had existed, appellant had not used due diligence to retain counsel of his own selection prior to the hearing or to submit timely a request for appointment of counsel. This is particularly true considering that over a month had elapsed since appellant had submitted a motion to dismiss his previously retained appellate counsel, and that appellant had proceeded to submit several pro se motions without requesting the trial court for appointment of appellate counsel. Inherent within the trial court's denial of appellant's belated continuance motion was his finding that appellant had not exercised reasonable diligence to retain counsel on his behalf. Appellant has failed to establish affirmatively by the record that the trial court abused its discretion in denying his motion for continuance.

7. Appellant contends that the trial court erred when it failed to seek a knowledgeable waiver of Lang's right to counsel at the commencement of the hearing on appellant's motion for new trial. In addition to the facts addressed in Division 6 above, the appellate record in this case reflects: At trial appellant was represented by Ms. J. Griggs (and her associate, Ms. S. Blair) who had been retained on his behalf. On June 16, 1995, appellant retained Mr. W. O. Cox as his appellate attorney. On March 6, 1996, appellant filed his pro se motion to dismiss his counsel of record, Mr. Cox, asserting inter alia that his appellate attorney had failed to file certain appellate issues which appellant wished to be raised. In this motion, appellant affirmatively stated: "Defendant will proceed *pro se* until such time new counsel is obtained by retainer or appointed." On March 15, 1996, Mr. Cox filed a motion to withdraw as appellant's counsel. In his motion, Mr. Cox affirmatively acknowledged: "Client Edward Lang understands that he[ ] has the obligation to prepare for upcoming case himself[ ] or hire representation of other counsel to prepare for his[ ] upcoming case." He likewise acknowledged: "Client understands that if he[ ] fails or refuses to meet the burdens of hiring other counsel and preparing his[ ] case for upcoming court dates that he[ ] may suffer adverse consequences in the resolution of case." Mr. Cox also affirmatively stated that the requirements of USCR 4.3 "had been complied with," and requested to be allowed to withdraw from representation of appellant. On March 29, 1996, appellant filed a pro se motion to withdraw his pending appeal in Case No. A96A1327; we granted the motion on the grounds that the appeal had been prematurely filed as his motion for new trial remained pending in the trial court. On April 1, 1996, appellant filed a pro se motion to amend his motion for new trial to add additional evidence, documents and arguments for new trial. In this motion appellant acknowledges that he had dismissed his appellate counsel, Mr. Cox, and has "informed the

court of his intention to proceed pro se." After appellant's motion for continuance was denied, appellant represented himself at the hearing and argued each of his motions to the trial court; his motion for new trial, as amended, and all other pending matters in the case were subsequently denied.

The hearing transcript reflects that appellant (or his family on his behalf) was seeking to retain counsel and did not request the appointment of counsel on the grounds that he was an indigent defendant. As appellant did not contend either before the trial court or in his appellate brief in this appeal that he was at the date of the hearing an indigent defendant, this particular issue has been abandoned. Court of Appeals Rule 27 (c) (2); see also *Ray v. State*, 187 Ga. App. 451, 452 (370 SE2d 629).

Examination of the hearing transcript reveals, however, that the trial court (while making a tacit finding) did not make any affirmative finding on the record that appellant/defendant had failed to act with reasonable diligence to obtain the services of an attorney; and the record fails to disclose whether the trial court determined whether the attorney's absence was due to circumstances beyond appellant's control. Compare *Callaway v. State*, 197 Ga. App. 606 (398 SE2d 856). "[W]hen presented with a non-indigent defendant who has appeared for trial without retained counsel, the trial judge has a duty to delay the proceedings long enough to ascertain whether the defendant has acted with reasonable diligence in obtaining an attorney's services and whether the absence of an attorney is attributable to reasons beyond the defendant's control." (Punctuation omitted.) *Burnett v. State*, 182 Ga. App. 539, 540 (356 SE2d 231); see *Woods v. State*, 223 Ga. App. 99 (476 SE2d 865); *Livingston v. State*, 221 Ga. App. 563, 569-570 (2) (472 SE2d 317). We will remand this case for a hearing by the trial court in accordance with the requirements of *Burnett*, supra. If the trial court determines that appellant exercised due diligence to retain counsel and that the absence of counsel at the hearing was due to reasons beyond appellant's control, it will direct that another hearing on appellant's new trial and related motions be held giving appellant a reasonable time to obtain counsel and for such counsel to prepare for the hearing. If the trial court determines appellant failed to exercise due diligence to retain counsel and that counsel's absence was not due to reasons beyond appellant's control, the trial court may re-enter its order denying defendant's various motions, including the denial of defendant's motion for new trial, as amended. Ga. Const. of 1983, Art. VI, Sec. I, Par. IV.

*Order denying motion for new trial vacated and case remanded with direction. Ruffin and Eldridge, JJ., concur.*

734

Decided June 6, 1997.

Before Judge Loggins.
*Christopher A. Frazier*, for appellant.
*Spencer Lawton, Jr., District Attorney, Michael K. Dennard, Assistant District Attorney*, for appellee.