## A01A2121. LEE v. THE STATE.
(562 SE2d 800)

BLACKBURN, Chief Judge.

Domenic Lee appeals his convictions of trafficking in cocaine, possession of marijuana with intent to distribute it, and driving without a license, contending that: (1) he was denied due process and the assistance of counsel during a critical stage of the proceedings by not having counsel at his arraignment and (2) he was denied due process and the effective assistance of counsel by the trial court's refusal to grant a continuance of the trial. Finding no error, we affirm.

Lee was arrested on April 24, 2000. The same day, he indicated on the standard form[1] headed "Application for Appointment of Counsel and Certificate of Financial Resources" that he could afford a lawyer and did not want the court to provide one. Sometime later that month, he was released on bond. On June 6, 2000, an accusation was filed, and, on July 20, 2000, Lee waived indictment and pled not guilty. Lee appeared without an attorney on the latter date.[2] The record before us, however, is devoid of other indications about what may have occurred on July 20, 2000, except that the order denying Lee's motion for a new trial states that, on that date,. Lee "refused court appointed counsel" and "[the] case was set for trial on Monday, September 18, 2000."

Lee's trial attorney, Michael Edmunds, testified at the hearing on Lee's motion for a new trial that Lee hired him on the previous Friday — i.e., September 15. Edmunds further testified that he appeared in court on Monday, and he was given until the following

---

[1] See Uniform Superior Court Rule 29.3 (D).

[2] The waiver and plea are signed only by the district attorney (or his representative) and Lee, the line labeled "Defendant's Attorney" being blank. The attorney who represented Lee at trial testified at the hearing on Lee's motion for a new trial that Lee was not represented at his arraignment, and the State does not dispute this assertion.

Thursday, September 21, to prepare for trial. On September 21, Edmunds filed a written motion for continuance, but at the conclusion of a bench conference it was denied. The only thing in the motion that relates at all to Lee's contentions on appeal with respect to his arraignment is a statement that "Mr. Lee was unable to retain counsel until September 17, 2000, due to the fact he did not have ample funds to retain an attorney." We find no indication in the record that Lee or his attorney raised any issue regarding the arraignment procedures prior to Lee's conviction, and Lee does not claim that he did. Cf. *Spear v. State*[3] ("any error in the lack of arraignment was waived by Spear's failure to raise the issue prior to verdict"). Thereafter, the court proceeded to hear (and deny) a motion to suppress and then tried the case. It appears that this motion had not been filed at or before arraignment as required by Uniform Superior Court Rule 31.1, as Lee's trial attorney testified on Lee's motion for a new trial that no motions were filed at arraignment, and the State does not dispute this assertion. In any event, the prosecution made no objection to consideration of the motion.

1. As noted above, Lee contends that he was denied due process and the assistance of counsel during a critical stage of the proceedings by not having counsel at his arraignment (or without having properly waived his right to counsel). In *Ledford v. State*,[4] we stated that "[a]rraignment is a critical stage in a criminal prosecution."

Here, Lee does not challenge the sufficiency of the evidence on appeal. *Bache v. State*.[5] We emphasized the need for a showing of harm in cases such as this:

> "[R]eversal is by no means automatic for absence of counsel [at arraignment]. The harmfulness of counsel's absence must appear. . . ." Further, "an appellate court, using the appropriate standard, may find in a particular case that error committed by the trial court was constitutionally harmless, without remanding the case for further proceedings." In the case sub judice, defendant argues that "(i)f (he) had been represented by counsel at Arraignment he would not have signed a waiver of his right to trial by jury, and he would have filed appropriate motions, demurrers, and pleas, which could have been beneficial to his defense." However, defendant fails to explain what "motions, demurrers, and pleas" would have enhanced his defense and he does not challenge the sufficiency of the evidence on appeal. . . .

---

[3] *Spear v. State*, 270 Ga. 628, 632 (5) (513 SE2d 489) (1999).
[4] *Ledford v. State*, 247 Ga. App. 885, 887 (545 SE2d 396) (2001).
[5] *Bache v. State*, 208 Ga. App. 591 (431 SE2d 412) (1993).

[T]he record indicates, beyond a reasonable doubt, that no harm resulted in accepting defendant's *plea of not guilty* in the absence of defense counsel.

(Citation omitted; emphasis in original.) Id. at 592 (1), (2).

Here, the record does not indicate what harm resulted from any error in proceeding in the absence of counsel. As noted above, the order denying Lee's motion for a new trial states that at the arraignment, "Defendant refused court appointed counsel." The law requires that "[t]he harmfulness of counsel's absence must appear." *Bache*, supra at 592 (1). See *Babb v. State*,[6] where we remanded the case *upon a finding of prejudice* to the defendant. Lee "fails to explain what [actions by counsel at arraignment] would have enhanced his defense." *Bache*, supra. This enumeration lacks merit under the facts of this case.

2. Lee also argues that he was denied due process and the effective assistance of counsel by the trial court's refusal to grant a continuance of the trial. It is a rule of criminal procedure, however, that "[i]n all cases, the party making an application for a continuance must show that he has used due diligence." OCGA § 17-8-20. See *Foote v. State*[7] ("[w]here it affirmatively appears that the possible time for investigation and preparation of the defense is short, *and the defendant has not been dilatory in obtaining counsel*, the discretion of the court on motions for postponement should be liberally exercised in favor of a fair trial") (emphasis supplied); *Patterson v. State*[8] (finding no error in denial of continuance; after quoting OCGA § 17-8-20, we wrote, "[t]he defendants . . . proffered no evidence that they had exercised . . . due diligence, nor did they explain their delay in hiring counsel"); *Marion v. State*[9] (no error in denial of continuance requested because of recent retention as counsel; OCGA § 17-8-20 quoted and *Patterson*, supra, cited); accord *Turner v. State*.[10]

Lee failed to show such due diligence. Lee, who had refused counsel, failed to make arrangements for representation until the eve of trial, nearly two months after arraignment and five months after arrest. "[W]here defendant negligently failed to employ counsel promptly . . . , the burden of convincing the court that due diligence has been exercised is that of the movant. . . . OCGA § 17-8-20." (Punctuation omitted.) *Tinker v. State*.[11] In this connection, it should be noted that the only thing in Lee's motion for a continuance bear-

---

[6] *Babb v. State*, 252 Ga. App. 518, 520-521 (6) (556 SE2d 562) (2001).
[7] *Foote v. State*, 136 Ga. App. 301 (1) (220 SE2d 786) (1975).
[8] *Patterson v. State*, 202 Ga. App. 440 (1) (414 SE2d 895) (1992).
[9] *Marion v. State*, 224 Ga. App. 413, 414-416 (1) (480 SE2d 869) (1997).
[10] *Turner v. State*, 247 Ga. App. 775, 780 (5) (544 SE2d 765) (2001).
[11] *Tinker v. State*, 218 Ga. App. 792, 794 (1) (b) (463 SE2d 368) (1995).

ing on diligence is a statement that he was "unable to retain counsel until September 17, 2000, due to the fact he did not have ample funds to retain an attorney." Moreover, generally, "[w]hether a defendant has exercised due diligence in hiring counsel is a factual question, and the trial court's grant or denial of a continuance on this basis will not be disturbed absent an abuse of discretion." Id.

Additionally, "[a]ll applications for continuances are addressed to the sound legal discretion of the court." OCGA § 17-8-22. In particular, "[a] motion for continuance based on counsel's claim of insufficient time to prepare for trial is addressed to the sound legal discretion of the trial court." (Punctuation omitted.) *Patterson*, supra at 441 (1). See also *Marion*, supra at 414; *Foote*, supra. Moreover, "[t]he refusal of a motion to continue will not be reversed unless it is manifest that there has been an abuse of discretion on the part of the trial judge." (Punctuation omitted.) *Patterson*, supra. See also *Marion*, supra. On the facts presented by this record, we find no abuse of discretion.

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED MARCH 25, 2002 — 

*Robert M. Goldberg, James C. Bonner, Jr.*, for appellant.
*Richard G. Milam, District Attorney, Paul E. Hemmann, Assistant District Attorney*, for appellee.

