## A02A1890. BRANTON v. THE STATE.
(573 SE2d 475)

Johnson, Presiding Judge.

A jury found Darrell Branton guilty of driving while under the influence of alcohol. Branton appeals, alleging (1) the trial court abused its discretion by denying his motion for continuance, (2) the trial court erred in sentencing him to serve time in confinement because he was denied effective assistance of counsel, and (3) the trial court erred by failing to instruct the jury on the law of justification. Because each of these enumerations of error lacks merit, we affirm Branton's conviction.

1. Before addressing the merits of Branton's appeal, we must first address the state's motion to dismiss. According to the state, Branton and the state entered into a stipulation of facts for purposes of appeal pursuant to OCGA § 5-6-41 (i). However, Branton failed to submit the proposed stipulation of facts to the judge for approval as mandated in OCGA § 5-6-41 (i). The state argues that since the stipulation of facts was not approved, Branton has presented this Court with no record upon which to decide the issues raised on appeal.

While the state's argument would have merit if Branton and the state had entered into a stipulation of facts pursuant to OCGA § 5-6-41 (i), the record reveals that the parties actually prepared a narrative transcript from recollection pursuant to OCGA § 5-6-41 (g). The filed transcript is entitled "Trial Transcript From Recollection," and the page containing the parties' signatures is entitled "Certificate of Agreement Regarding Transcript By Recollection." Branton filed a "Motion for Approval of Transcript by Recollection," pursuant to OCGA § 5-6-41 (d), (f), and (g); approval was not required by those Code subsections because Branton and the state were able to agree on a transcript by recollection.

According to OCGA § 5-6-41 (d), (f), and (g), a transcript prepared from recollection does not need judicial approval or intervention unless the parties cannot agree on what transpired. Here, Branton and the state agreed on the transcript prepared by recollection, and both parties signed the agreement. According to OCGA § 5-6-41 (g), "the agreement of the parties thereto or their counsel . . .

shall entitle such transcript to be filed as a part of the record in the same manner and with the same binding effect as a transcript filed by the court reporter. . . ." The transcript prepared by recollection is properly before this Court, and the state's motion to dismiss is denied.

2. Branton first argues that he was denied due process and effective assistance of counsel by the trial court's refusal to grant a continuance of the trial. It is a rule of criminal procedure, however, that "[i]n all cases, the party making an application for a continuance must show that he has used due diligence."[1] Branton failed to show such diligence.

According to the transcript prepared by recollection, an accusation was filed against Branton on August 10, 2001, for one count of driving with a suspended license and one count of driving under the influence of alcohol. Branton was arraigned on September 10, 2001. He appeared without counsel and pled not guilty to all charges. The notice of arraignment contained a notice to Branton of his right to request the trial court to appoint an attorney to represent him and stated that if he desired the court to appoint an attorney to represent him, it was important that he call a given phone number within the next three days to see if he qualified for appointed counsel.

At his arraignment, Branton told the court that he would employ an attorney. Thereafter, notice of trial was given to Branton, and he appeared for trial on October 26, 2001. When the case was called for trial, Branton told the court that he needed more time to get an attorney. At that time, the state notified the trial court that one of its witnesses was missing, and the trial court continued the case. The court informed Branton that if he really wanted an attorney, he now had time to get one. The court also informed Branton that he needed to have an attorney by the end of November 2001 so that the attorney would have time to make an appearance.

Subsequently, Branton received another notice of trial, and the case was called on January 4, 2002. Branton appeared without counsel, so the court appointed attorney Jamie Wyatt to assist Branton with jury selection. The court notified both Branton and Wyatt that Wyatt would not represent Branton at trial. However, the trial court subsequently asked Wyatt to assist Branton at trial. The case proceeded to trial on January 5, 2002. Before the jury was sworn, but after the jury had been selected, Wyatt moved for a continuance on the ground that he was unprepared because Branton needed to compel the appearance of a witness who was in state custody. The trial court denied Branton's motion for a continuance.

---

[1] OCGA § 17-8-20.

Here, the record is void of any showing that Branton offered a valid excuse for his failure to obtain counsel.[2] Although Branton argues that there is nothing in the record to indicate what, if anything, Branton or his appointed counsel showed the trial court with respect to his diligence in obtaining counsel, this fact does not support Branton's argument. It was incumbent upon Branton to make a showing of due diligence and to include any showing in the record on appeal. However, no such facts were provided in the narrative transcript prepared by recollection. Without any such record, we must presume that the trial judge correctly exercised his discretion in denying Branton's motion for continuance.[3] The record discloses ample evidence from which the trial court could have concluded that, although adequate opportunity had existed, Branton had not used due diligence to retain counsel of his own selection prior to trial or to submit a timely request for appointment of counsel.[4]

In addition, while Branton argues that the trial court failed to appoint counsel for him "sufficiently in time before his trial started," there is no evidence in the record that Branton asserted he was indigent and desired counsel to be appointed to represent him.[5] Moreover, the record affirmatively shows that even though Branton did not request counsel to be appointed, the trial court did exercise its discretion in appointing an attorney to assist Branton with legal matters during the trial. Under these circumstances, we cannot conclude that the trial court failed to exercise its discretion in considering whether to appoint counsel for Branton, nor can we conclude that the trial court abused that discretion.[6]

As for the trial court's denial of a continuance to allow the attorney assisting Branton more time to obtain a witness in state custody, the refusal of a motion to continue will not be reversed unless it is manifest that there has been an abuse of discretion on the part of the trial judge.[7] We are satisfied that in this instance the trial court did not breach its discretion in refusing to grant the requested continuance. Branton had ample opportunity to hire his own attorney and obtain his requested witness prior to trial. In fact, the trial in this case did not occur until nearly four months after his arraignment, and over two months after the case was first called for trial and the trial judge told Branton he needed to get an attorney.

Moreover, Branton did not call this witness to testify at the hear-

---

[2] See *Lee v. State*, 254 Ga. App. 417, 419-420 (2) (562 SE2d 800) (2002); *Patterson v. State*, 202 Ga. App. 440-441 (1) (414 SE2d 895) (1992).

[3] See *Smalls v. State*, 242 Ga. App. 39, 40 (1) (528 SE2d 560) (2000).

[4] See *Lang v. State*, 226 Ga. App. 729, 731 (6) (487 SE2d 485) (1997).

[5] See id.

[6] See *Pierce v. State*, 222 Ga. App. 245, 248 (2) (474 SE2d 112) (1996).

[7] *Patterson*, supra.

ing on his motion for new trial, so he failed to present any probative evidence that the witness would have testified for him or that, if so, the witness' testimony would have been exculpatory.[8] Without the testimony of the particular witness, it is impossible for Branton to show there is a reasonable probability the results of the proceedings would have been different if the trial court had granted a continuance and permitted him to obtain this witness.[9] This enumeration of error lacks merit.

3. Branton next contends that the trial court erred in sentencing him to a term of imprisonment for 12 months. According to Branton, he could not be sentenced to imprisonment unless he was provided adequate assistance of counsel, which he was not since the trial court appointed Wyatt the day before trial and did not notify Branton of the appointment until the day of trial. This argument lacks merit.

Essentially, Branton is arguing that he could not be sentenced to imprisonment because the attorney appointed to assist him at trial had little time to prepare for trial and, therefore, provided ineffective assistance at trial. We find no evidence to support this claim. To prevail on a claim of ineffective assistance of counsel, a defendant must show two things: (1) that counsel's performance was deficient, and (2) that the deficiency prejudiced the defense.[10] The trial judge, who oversaw the trial and heard the evidence presented at the hearing on the motion for new trial, makes the findings on whether the performance was deficient and whether it prejudiced the defendant, findings that this Court does not disturb unless clearly erroneous.[11] In evaluating an attorney's performance, there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.[12]

Here, there is no evidence that the attorney appointed to assist Branton at trial provided ineffective assistance or needed additional time to prepare for trial. In fact, the attorney obtained an acquittal on the charge of driving with a suspended license. This circumstance strongly supports the conclusion that the assistance rendered by the attorney fell within that broad range of reasonably effective assistance which members of the bar in good standing are presumed to render.[13] Moreover, the attorney appointed to assist Branton at trial requested a continuance to obtain a witness who was in state cus-

---

[8] See *Dewberry v. State*, 271 Ga. 624, 625 (2) (523 SE2d 26) (1999); *Swint v. State*, 250 Ga. App. 573 (552 SE2d 504) (2001).

[9] *Swint*, supra at 574.

[10] *Fults v. State*, 274 Ga. 82, 83-84 (2) (548 SE2d 315) (2001).

[11] *Kilpatrick v. State*, 252 Ga. App. 900, 902 (1) (557 SE2d 460) (2001).

[12] *Rucker v. State*, 271 Ga. 426, 427 (520 SE2d 693) (1999).

[13] *Caylor v. State*, 255 Ga. App. 362, 363 (566 SE2d 33) (2002).

tody. The attorney did not ask for a continuance because he believed he was unprepared for trial.

Having found that Branton received effective assistance of counsel, the question then becomes whether the sentence imposed by the trial judge was permitted by statute. The record reveals that this offense was Branton's third DUI in five years, and his thirteenth DUI overall. OCGA § 40-6-391 (c) (3) mandates that for a third or subsequent DUI violation within a five-year period, an individual shall be punished by a mandatory period of imprisonment of not less than 120 days nor more than twelve months. The trial court did not err in sentencing Branton to a term of imprisonment for 12 months.

4. Branton contends the attorney appointed to assist him at trial provided ineffective assistance because he failed to request a jury charge on justification. He further contends that the trial court erred in failing to sua sponte give a jury instruction on justification because it was his sole defense. However, the record shows that Branton's sole defense was that another individual was driving the vehicle, and Branton never drove the vehicle while under the influence of alcohol. According to both the attorney appointed to assist Branton at trial and the trial judge, there was no evidence to support a jury charge on justification. Since there was no evidence to authorize a charge on justification, the attorney appointed to assist Branton was not ineffective for failing to request the instruction.[14] Likewise, the trial court did not err in failing to sua sponte give such a charge.

*Judgment affirmed. Blackburn, C. J., and Miller, J., concur.*

DECIDED OCTOBER 31, 2002.

*Barry V. Smith*, for appellant.

*Bryant G. Speed II, District Attorney, Fred R. Simpson, Charles S. Cox, Assistant District Attorneys*, for appellee.

---

[14] See *Dewberry*, supra at 626.